JOHN CHERRY v. NEWBY.

Under a plea of performance, the defendant cannot prove that he was prevented from performing, by the act of plaintiff; and if such proof has been received, it should be disregarded.

Where the defendant had contracted to pay a certain amount in average cattle at a certain price by a certain day, to be delivered at a certain place, it was said, that there must be a tender or delivery or some act which would vest title to the property in the plaintiff, before the defendant would be discharged from his obligation.

Appeal from Liberty. This action is brought on a written instrument by which John Cherry, the appellant, agreed to pay to Jonathan Newby, the appellee, by the first day of April, 1851, two hundred dollars, payable in cattle, at rates which were specified—the debt in any event to be collected alone in cattle; for value received. The instrument was dated on the 8th November, 1850, and a credit of ten dollars was indorsed.

The defendant, among other matters, pleaded that he had paid the obligation, by delivering the number of cattle, at the prices mentioned in the instrument, to the plaintiff; and further answered, that about the first day of April, 1851, and at several times thereafter and before the filing of this suit, he did gather and put in the pen at Benjamin Ellis', which place was consented to by plaintiff, and did offer to the defendant, the cattle mentioned in the obligation; that he informed the plaintiff the cattle were for him; that plaintiff, without objection, received them and turned them out of the pen while the defendant was absent therefrom; and for further answer, the defendant alleged that he was ready, able and willing and did offer to deliver the said cattle at the time and place agreed upon, and has always been ready, able and willing to deliver said cattle.

From the testimony of the witness Jones, it appeared that the defendant had gathered, at the pen of Benjamin Ellis, a

57

parcel of. cattle for the purpose of paying Newby; that there were sufficient number in the pen to pay Newby, but Cherry refused to let him have those cattle, as he wanted to gather some wild cattle, in order to let Newby have them; that Newby had sixty head of his own, in the same pen, that they remained in the pen four or five days without water; that John Cherry having gone home, and the cattle suffering for water, they were turned out by Newby, he being unable to separate his from Cherry's; that there was no tender of the cattle to Newby; that Newby insisted on taking these cattle, but Cherry refused.

The witness Snell testifies that he heard Cherry tell Newby he was gathering the cattle for him.

Wm. Cherry states that he heard defendant tell plaintiff, that the cattle in the pen were for him, the plaintiff.

The defendant requested instructions to the jury, the first two of which were to the effect, that if they believed from the testimony, that the defendant was able and willing to deliver the cattle, and had them penned for that purpose at the time and place designated, and that the plaintiff prevented him from designating the cattle, by turning them out in defendant's absence and without his knowledge, it would discharge the contract, and they must find for defendants.

These instructions were refused; but the third instruction was given, to the effect that the pleas of the defendant, if sustained by proof, were a valid defence to the action.

The jury found for the plaintiff; judgment accordingly, and the defendant appealed.

*E. B. Pickett*, for appellee. If Cherry had the cattle penned, among others of his own, and had not designated them, and set them apart, the title to them could not vest in Newby; and if it did not vest, the debt would not be discharged. (2 Kent's Comm. 508; 7 Conn. R. 110; 1 Stewart's Ala. R. 272, 524; 4 N. H. R. 46; 13 Wendell, 95.)

HEMPHILL, CH. J.  The only error assigned, requiring no-

tice, is the refusal of the Court to give the first and second charges asked by defendants.

It will be perceived that the defendant, in these charges, places his discharge from liability on the ground of the default or misconduct of the plaintiff, by which the defendant was prevented from making a tender and delivery of the property, as he was able and willing to have done.

There was no error in refusing these charges. The defence set up in the pleadings was, 1st. That he had delivered the cattle; 2nd. That he had tendered them, and they were accepted; and 3rd. That he had tendered said cattle. But there was no allegation which placed his defence on the ground that he was prevented by the plaintiff from designating and setting apart the cattle, and that by such misconduct he was discharged from liability. The instructions, even if correct as legal propositions, were properly refused, as inconsistent with the case, as made by the averments of the defendant, in his answer.

But if appropriate to the pleadings, in the cause, they are not sustainable as legal propositions. As stated, the facts are not equivalent to a tender or delivery of the property. The property must be set apart, and there must be a tender or delivery or some act which would vest title to the property in the plaintiff, before the defendant could be discharged from his obligation.

The evidence in this case was somewhat conflicting. No tender of specific cattle was satisfactorily proved. This was essential in order to discharge the defendant from his obligation on the instrument. (Dewees v. Lockhart, 1 Tex. R. 535; 2 Kent, 508; Story on Contracts, Sec. 808; 3 Blackford, 182; 1 Stewart, Ala. 272; 3 Johns. Cas. 243; 15 Johns. R. 351.)

Judgment affirmed.