TOM E. ROSS v. JAMES ANDERSON.

(No. 800, Op. Book No. 2, p. 258.)

APPEAL from Johnson County. Opinion by QUINAN, J.

§ 1032. *Jurisdiction; not taken away by improper amendment.* On appeal from justice's to county court, the plaintiff amended by setting up an additional cause of action which increased his demand to an amount exceeding the jurisdiction of the justice's court. *Held*, that it was not error to overrule a motion to dismiss the appeal for want of jurisdiction, on account of the improper amendment. The amendment was clearly inadmissible, and could not have the effect of destroying the plaintiff's right upon his original demand, for which his suit was properly brought. The additional demand set up in plaintiff's amendment was not submitted to the jury, and seems to have been abandoned on the trial.

§ 1033. *Tender of performance of contract by delivery of property.* Where the agreement is for the delivery of the property, and performance be tendered and refused, and the possessor afterwards retains possession of it, and treats it as his own, thereby affirming the property to continue in himself, unaffected by the tender, it is no satisfaction. [Cherry v. Newby, 11 Tex. 457; Bradshaw v. Davis, 12 Tex. 336.] In this case, Anderson sued Ross for work done, and Ross pleaded that, by the terms of the contract between them, he was to pay Anderson for the work in corn, and that he had tendered the corn and

Anderson had refused to receive it. It was proved that, after tendering the corn, Ross treated it as his own property and sold it, and it was held under the above authorities that the facts constituted no defense.

March 23, 1881.    Affirmed.