THE ÆTNA IRON & STEEL WORKS v. KOSSUTH COUNTY.

**Contracts:** BUILDING: PARTIAL FAILURE: RECOVERY: MEASURE OF DAMAGES. Where a party contracts for an agreed price to make certain improvements on real estate, but fails to comply with the contract in some particulars as to the materials used and the manner of construction, he may yet recover upon a *quantum meruit*, though the owner has not accepted the work; and the measure of his damages will be the contract price, less payments, and the damages sustained by reason of the non-compliance with the contract. (See opinion for citations.) And an instruction in this case, directing the jury to allow plaintiff the value of such items as were of real, substantial benefit to defendant, was erroneous, because it ignored the contract price.

*Appeal from Emmet District Court.*—HON. GEORGE H. CARR, Judge.

FILED, JANUARY 22, 1890.

ACTION in two counts. In the first, plaintiff asks to recover the contract price on a written contract for the construction of cells and other iron work alleged to have been put into the jail of the defendant county,

and accepted by the defendant. In the second count, plaintiff asks to recover the reasonable value of the same, as having been furnished at the request of the defendant. Answer, denying generally, and denying specially that the work was completed according to contract; that the same was ever accepted by the defendant; and that the same was of any value,—and asking damages. Trial to a jury. Verdict and judgment for defendant. Plaintiff appeals.

The contract set out is "to furnish all material and labor, and complete and set up in the court house at Algona, Iowa, two steel cells and other work, more particularly mentioned in the specifications and shown on the plans which form a part of this contract, all of which said party of the first part is to do, in a good and workmanlike manner, within ninety days from the date hereof." The specifications are quite lengthy and minute as to details, calling for plate-work, steel mesh-work, steel grated or open work, cell fronts, cell doors, lever bars, lock boxes, bunks, ventilation pipes, entrance door, steel window-gratings, and heating apparatus. Among other specifications, it is required that all exterior plate iron of cells and corridor be protected by steel mesh-work and steel bars, to be riveted in place in a certain way; that all grated work composing the walls of cells and corridor be made of grating composed of one-inch round steel upright bars, placed three inches apart, and passing through steel cross-bars two and one-half by one inch, spaced fourteen inches apart, to be fastened as specified. The front of cells and doors to be made of steel grated work. Cell doors to be hung on patent anti-friction rollers, hung to strong grooved carriers, firmly riveted to ceiling with countersunk rivets; strong guides to be riveted to floor of corridor. It is specified that "whenever the word 'steel bar' is used it is to signify Bristol steel,—a bar of iron covered with hard steel, and tempered so as to be practically saw and file proof."

It will be seen that the work consisted of several separate parts. It is not contended that it was defective

in all the parts. Appellee's particular complaints are that all the bars used were composed of iron, and not of steel, and were not bars of iron with steel case-hardened, so as to render them practically saw and file proof, but are soft, and can be readily cut with a file, saw, or any sharp and hard instrument; that the mesh-work is not so as to prevent cutting the iron plate more than six inches in any direction, but in many places will permit cutting the plate as much as two feet, making holes or openings large enough for a man to escape; that the riveted work is not properly done; that the iron lining of the juvenile cell is not spiked with wrought-iron spikes, nor securely fastened to the walls, as required.

*Clarke & Call*, for appellant.

*R. J. Danson* and *J. C. Cook*, for appellee.

GIVEN, J.—I. There is no controversy but that if the plaintiff substantially performed the contract the measure of his recovery is the contract price, with interest. Appellant contends that if the work, though defective in some particulars, so that it was not completed in the manner specified in the contract, was yet of real, substantial value to the defendant, for the purposes for which it was intended, then the plaintiff is entitled to recover the contract price, less any damage the defendant has sustained by reason of the non-performance of the contract. Appellee contends that, in case the contract was not substantially performed by the plaintiff on its part, it is not entitled to recover anything, as the work was never accepted by the defendant, and is not of the kind and quality contracted for. The court instructed the jury that, to recover under the first count, the plaintiff must show that it had substantially performed the contract on its part, and that, if it had, the measure of recovery would be the contract price, with interest. As to the second count, the jury were instructed that if the workmanship and materials were

Ætna Iron & Steel Works v. Kossuth Co.

not in all particulars substantially as required by the contract, but were of real, substantial value to the county, for the purposes for which they were intended, the plaintiff would be entitled to recover as much as the work was reasonably worth, not exceeding the contract price, and that in such case it is not necessary, to entitle the plaintiff to recover, that the defendant should have accepted the job, or have taken it off the plaintiff's hands; that, if the structure was of such character or quality of materials, or general style of workmanship, as to be of no real, substantial value to the defendant, for the purpose for which it was intended, then the defendant is not bound to compensate the plaintiff therefor. On motion of the defendant the court gave the following, among other, instructions: "If you find that some of the items or some of the work done is of real and substantial value to the county, and some parts or items of the structure are of no real or substantial benefit to the county, then you should allow the plaintiff only for such items as are of real value, and you should allow nothing for those items or parts that are of no substantial benefit. If the plaintiff has not complied with the contract, and, under these instructions, cannot recover on the contract, then it is not entitled to recover for either the labor or material put in. But the question then simply is, how much of material and substantial benefit has the county received, in fact? The county, not having purchased or ordered the work and material actually furnished, cannot be required to pay any more than the benefit it has really received." It is evident from the character of the structures, the manner in which they are attached to the court house as required by the specifications, and the uses for which they were intended, to-wit, for jail purposes, for warming and ventilating the court house, office rooms, and jail, that they were intended to become a part of the real estate. The kind of structures contracted for are in place, but, as is alleged, are not according to contract, as to certain parts of the material and of the

workmanship. Being placed and attached as required by the specifications, it is evident that it is impracticable to remove the entire structures, and that to do so must necessarily injure the building to some extent: That the defects complained of can be remedied so as to make the entire work according to the contract is not questioned.

II. The right of a party to recover when he has not fully performed his contract has been the subject of much discussion and some conflicting opinions. Many respectable authorities hold that, where there is a contract, the only remedy is upon the contract, and that recovery can only be had thereon upon proving a substantial performance on the part of the party asking to recover. Such is not the rule in this state. "It is now the settled doctrine in this state that a party who has failed to perform in full his contract may recover compensation for the part performed, less damages occasioned by his failure." *Wolf v. Gerr*, 43 Iowa, 339. The question was first settled in *Pixler v. Nichols*, 8 Iowa, 106, an action to recover for work done in part performance of a contract to work for six months, wherein the court says: "But where all that is shown is that, upon an agreement to labor for six months, the plaintiff labors four months and refuses to labor any longer, and sues for the value of the labor performed, we think he is entitled to recover as upon a *quantum meruit;* and need not, as a condition precedent, first show that he had performed his entire contract, or that he left the service of his employer upon good cause. We are satisfied with the rule established in *Britton v. Turner*, 6 N. H. 481, giving its full weight for the protection of the employer, in such cases, to the qualifying rule, that, where the contract is broken by the fault of the party employed, after part performance has been received, the employer is entitled, if he so elect, to put the breach of contract in defense, for the purpose of reducing the damages, or showing that nothing is due, and to deduct what it will reasonably cost to secure

a completion of the whole service, as well as any damage sustained by reason of the non-fulfillment of the contract. If, in such case, it is found that the damages are equal to, or greater than, the value of the labor performed, and that the employer, having a right to the performance of the whole contract, has not received any beneficial service, the plaintiff is not entitled to recover. See, also, *Byerlee v. Mendel*, 39 Iowa, 382. The same rule was applied in *McClay v. Hedge*, 18 Iowa, 66. In that case the plaintiff agreed to build for the defendant a barn, shed and corn-crib, under a special contract, for one hundred and fifty-five dollars, and to have it completed by a specified time. He failed to complete the barn by the contract time, and also failed to do the job in a good and workmanlike manner. The court says: "The controversy is whether, in such case, he may recover as upon a *quantum meruit*. This question was settled in this state by the case of *Pixler v. Nichols*." This rule will apply to such case as the one under consideration. A formal acceptance of the work or an acquiescence in the breach is not essential to recovery. It will be observed that in each of these cases whatever benefit there was in the part performance of the contract had been received by the party sought to be charged, and could not be returned. The benefits arising from the services rendered, the materials furnished, and labor performed in erecting the buildings were his, without acceptance. He had no choice but to use and enjoy these benefits, though but a part performance of the contract. The benefits derived from the services he could not restore, nor could he the benefits that came to him from the buildings, for they had become incorporated into, and a part of, the land upon which they stood. The structures under consideration became a part of the realty, as much as did the barn, shed and crib in *McClay v. Hedge*, and should be subject to the same rule.

III. The measure of recovery recognized in all these cases, and in *Corwin v. Wallace*, 17 Iowa, 374, is

the contract price, less payments, and the damages sustained by reason of the non-performance of the contract. This rule effectuates perfect justice between the parties. It gives to the defendant the benefit of his contract, by allowing him whatever it will cost to have the contract fully performed, and any other damages he may have sustained, and charges him with what he has received at the rate agreed, and thereby compensates the plaintiff, at the agreed rate, for the benefits he has conferred. The rule given by the court to the jury might lead to a very different result. The defendant is entitled to the benefit of his contract, and to have it completed at no greater cost to him than the contract price. Assume, for the purpose of illustration, that the contract price is twenty-five hundred dollars, when in fact it is worth three thousand dollars. The defendant has a contract worth five hundred dollars to him. The other party fails to fully perform, so that it will cost five hundred dollars to complete the work according to contract. If five hundred dollars will complete it, then the work done is worth twenty-five hundred dollars to the defendant; for, by expending five hundred dollars, he will have the work contracted for, and worth three thousand dollars, but he has lost the benefit of his contract. He pays three thousand dollars, instead of twenty-five hundred dollars, for the work. By the approved rule, you deduct the cost of completing the work, five hundred dollars, from the contract price, twenty-five hundred dollars, and the defendant, upon the basis of the contract, pays two thousand dollars for the part performed, and five hundred dollars to complete the work, and thereby has the full benefit of his contract. It is sufficient to say that the rule given to the jury is not the approved rule, and is one that may lead to quite different results.

IV. That the verdict is contrary to the law, as given in the instructions, and to the evidence, is very apparent. There was no question made as to a large part of the work; no complaint against the furnace, the

ventilating appliances, and many other parts of the work. The jury were instructed, at the request of the defendant, that they should allow the plaintiff for such items as were of real, substantial benefit to the county, and yet the verdict was for the defendant. We think the court erred in instructing the jury as to the measure of recovery, and in overruling the motion for new trial, as the verdict is contrary to the law and the evidence.                              REVERSED.