R. G. GALLAGHER ET AL. v. W. C. SHARPLESS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY.

Argued March 19, 1890—Decided April 7, 1890.

1. A contract to erect a dwelling, providing that any dispute as to the "true construction or meaning of the drawings or specifications, or as to what is extra work outside of the contract," or respecting "the value of any work omitted," should be submitted to arbitration, does not require the submission of a dispute as to whether the work was done in a workmanlike manner.

2. Where one, making an honest endeavor to perform an entire contract, has substantially performed it, and the party with whom the contract was made has had the benefit of the contractor's labor and materials, a failure to perform completely, will be a defence only to the extent of the damages suffered by the failure of complete performance.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 327 January Term 1890, Sup. Ct.; court below, No. 486 August Term 1888, C. P.

On August 6, 1886, R. J. Gallagher and others, doing business as Gallagher & Co., issued a scire facias sur mechanics' lien against W. C. Sharpless. Issue.

At the trial on January 21, 1890, the plaintiffs sought to recover a balance of $425 due for the erection of a summer cottage for the defendant, under a written contract, and for extra work done upon the defendant's order. The contract, executed on April 6, 1888, contained the following provisions:

"5. Should any dispute arise respecting the true construc-

---

*See Sticker v. Overpeck, 127 Pa. 446.

Charge of Court below.

tion or meaning of the drawings or specifications, or as to what is extra work outside of contract, the same shall be decided by Jno. A. Duckworth, architect, and his decision shall be final and conclusive. . . . . But should any dispute arise respecting the value of any work omitted by the contractors, the same shall be valued by two competent persons, one employed by the proprietor, and the other by the contractor, and these two shall have power to name an umpire, whose decision shall be binding on all parties."

The defendant claimed, under the testimony, that he was damaged to the amount of $495.70, chiefly by reason of defective workmanship, and an additional sum for omissions and delay.

At the close of the testimony, the court, SITTSER, P. J., charged the jury, in part, as follows:

[The general rule is, that where a party makes a contract by which he agrees to erect a building for another, or to do for him work of any kind, he must upon the trial prove a performance of that contract, before he can recover anything on it at all. But the severity of this rule has been modified, and it is now held that where there has been an honest endeavor on the part of the plaintiffs to perform the contract, and they have substantially performed it, and where the defendant has had the benefit of their labor and materials, in such a case the plaintiffs may recover, not the full stipulated price in the contract, but for the work they have done, deducting, of course, from the contract price, the damage that the defendant may have suffered by reason of the plaintiffs' failure to perform it fully. That is, where there has been an honest endeavor to perform the contract, and the contract has been substantially performed, then the failure to perform comparatively unimportant items will not entirely defeat the plaintiffs' recovery; but they may recover, after deducting from the contract price a sufficient amount to fully reimburse or compensate the defendant for the short-comings and failure on the part of the plaintiffs to fully and completely perform it. So that the question whether this contract has been fully performed, is a question we submit to you; and it is for you to say, under all the evidence in the case, whether this contract has been fully per-

Charge of Court below.

formed. If it has not been fully performed in all particulars, then you will consider the evidence which has been given upon one side and the other, and if you find that the plaintiffs honestly endeavor to perform their contract, and have substantially performed it, but that they have failed in some comparatively unimportant particulars to fully comply with the contract, then we say to you that you may deduct from the contract price what will be ample and sufficient compensation to the defendant, and find a verdict for the plaintiffs for the balance.] [1]

[When you come to the question of extra work, you will first ascertain whether there was any extra work done, and if so, what the amount of it was. On the part of the defendant, it is claimed that they have only given evidence of about $50 extra work, while on the part of the plaintiffs it is claimed that they have shown extra work to the amount of $70.75. That is a question of fact for you. As to the defence raised by the defendant that under this contract no extra work was to be charged for, unless they were authorized to do the work in writing, we say to you that while the contract which has been given in evidence contains such a provision, yet, if afterwards the defendant made an arrangement with Gallagher & Co., by which the extra work was to be done, although that arrangement was verbal, and not in writing, if Gallagher & Co. did the work, and after it was done the defendant promised to pay for it, and if the testimony which supports this view of the case is uncontradicted and uncontroverted, then we say to you that if you think the evidence justifies it, you may find that the defendant has waived this provision of the contract as to that extra work.] [2]

[The defendant claims that the plaintiffs have failed to perform their contract in various respects; that the roof was not built in compliance with the contract and specifications; that the stairs were defective, that the floors were defective, and that there were various other defects in the work and material.] [3] The evidence upon this subject is for you, and should be carefully considered by you. Where parties make a contract by which they agree to do for another certain work, the party who is to pay for that work has a right to insist that the contract shall be performed as the parties have made it. [If the work done is not such as was contracted for, and the de-

fendant declines to use that work, he has the right to do so. He is not obliged to accept that portion of the work, and if he does not accept it, and does not use it, he cannot be required to pay for it; and, under the provisions of this contract, the defendant may go on and fulfil it, and do the work as required by the contract, and charge it up against the plaintiffs. Take, for instance, the roof. It is claimed by the defendant that the roof was not in accordance with the contract and specifications. Whether it was or not is a question of fact for you. If you find that it was not, that it was not made out of the kind of materials that was agreed upon, or that the shingles were not prepared with creosote, as agreed upon, or that it was so defectively constructed that it leaked, and was insufficient for the purpose, if it was not in compliance with the contract in these respects, then the defendant would have a right to decline to use that roof, and to take it off the building, and the plaintiffs could not charge the defendant for it. And he would have a right, under this contract, to put on a roof such as was called for and provided for in the contract, and to charge up against the plaintiffs the expense of so doing. And whether he puts a new roof on, or not, he is entitled to deduct from the contract price what it would be worth to put on a roof such as the contract calls for. And so with the floor. If you find that the floor was not in accordance with the contract, he would have a right to tear up the whole floor, and reject it, and not use it, and in such case the plaintiffs could not recover anything for it; and under this contract he might put down a floor in accordance with the contract, and charge the reasonable expense of it to the plaintiffs, and deduct it from the contract price. But if he used the floor, then you will take into consideration what the floor as put down was worth, and ascertain the difference between the floor that was put down and used by the defendant and the floor that was required by the contract and specifications, and deduct the difference from the contract price. If he tore up a portion only of the floor, and declined to use it, then the plaintiffs can make no charge for that portion of the floor, and the defendant would have a right to charge up against them and deduct from the contract price what it was reasonably worth to put down such portion of the floor in accordance with the contract. And what we have said

in relation to the roof and the floor applies to all parts of this work which were defective, and were not in compliance with the contract and specifications.] [4]

The jury returned a verdict in favor of the plaintiffs for $260. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, assigning for error, inter alia:

1–4. The portions of the charge embraced in [ ] [1 to 4]

*Mr. E. L. Blakeslee* (with him *Mr. Wm. D. B. Ainey*), for the appellant.

As to the effect of the agreement to arbitrate, counsel cited: Morse on Arbitration, 92; Scott v. Avery, 20 Eng. L. & E. 328; Smith v. Biggs, 3 Den. 76; Beers v. St. Johns, 8 Pet. 145; Mentz v. Insurance Co., 79 Pa. 480; Snodgrass v. Gavit, 28 Pa. 222; Gray v. Wilson, 4 W. 41; Flaherty v. Insurance Co., 1 W. N. 352; Wright v. Insurance Co., 110 Pa. 35; Commercial Union Ass'e Co. v. Hocking, 115 Pa. 410; Reynolds v. Caldwell, 51 Pa. 300.

*Mr. W. W. Watson* (with him *Mr. A. H. McCollum*), for the appellees.

PER CURIAM:

This case is not important, either in view of the amount in controversy or the principles involved, yet the assignments of error cover fourteen printed pages of the paper-book. It is impracticable to consider them in detail. A large number of them refer to the admission of evidence, and, as they are not properly assigned, will not be considered.

The remaining assignments allege error in the charge of the court and the answers to points. We are not convinced that there was error in either. Much stress was laid upon the point that, under the fifth clause of the agreement, the plaintiffs were bound to submit the questions in dispute to arbitrators before they could proceed upon their mechanics' lien. But an examination of the fifth clause shows that the present contention does not come within it. There was no dispute in regard to the " true construction or meaning of the drawings or specifica-

tions, or as to what is extra work outside of the contract;" hence there was nothing to refer to Mr. Duckworth, the architect. Nor did any "dispute arise respecting the value of any work omitted by the contractors," hence there was no occasion to refer the same to two competent persons, as provided by the agreement.

The defence was that the plaintiffs had not complied with their contract; that the work was not done in a workmanlike manner, as required thereby. Upon this point the case was submitted to the jury in a fair and impartial manner. They were told by the learned judge that, if "there has been. an honest endeavor on the part of the plaintiffs to perform the contract, and .they have substantially performed it, and where the defendant has had the benefit of their labor and materials, in such a case the plaintiffs may recover, not the full price stipulated in the contract, but for the work they have done, deducting, of course, from the contract price, the damages that the defendant may have suffered by reason of the plaintiffs' failure to perform it fully. That is, where . . . . . the contract has been substantially performed, then the failure to perform comparatively unimportant items will not entirely defeat the plaintiffs' recovery; but they may recover, after deducting from the contract price a sufficient amount to fully reimburse or compensate the defendant for the shortcomings or failure on the part of the plaintiffs to fully and completely perform it." This is a fair rule, and is in entire harmony with all our cases. The jury appear to have made a considerable deduction from the contract price, and their verdict meets the substantial justice of the case. In any event, there is nothing in this record which would justify us in disturbing the judgment of the court below.

Judgment affirmed.