### T. H. BRADFORD v. G. K. WHITCOMB.

#### No. 1940.

**1. Builder's Contract—Substantial Compliance.**

Where a builder's contract embraces many particulars, with which it is difficult. if not impracticable to comply with entire exactness, if the builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omission, he may recover the contract price, less the damage on account of such defects.

**2. Same—Case Stated.**

Where a builder's contract calls for changes and additions in a building, at a cost of $1125, the omission to "cut a door from sitting room to cellar," such omission. being made at the request of a tenant in the building, who promised to write the owner in reference to the matter, will not warrant the setting aside of a verdict. finding there had been a substantial compliance with the contract.

**3. Same—Pleading and Proof of Noncompliance.**

Where in an action on a builder's contract a substantial compliance therewith. has been shown, if on account of a slight and unintentional omission the defendant has sustained damage, it is incumbent on him to diminish the amount of the recovery, the contract price, by alleging and proving that fact, and showing what it would cost to complete the contract strictly according to its terms.

**4. Same—Agreement to Settle Claim.**

There was no error in refusing to charge that plaintiff could not recover without showing that he had paid off all claims of carpenters employed by him in constructing the building, where the contract was, not that he was to pay these claims,. but only to settle with the holders thereof, which appeared to have been done.

APPEAL from Potter. Tried below before Hon. H. H. WALLACE.

*John W. Veale* and *Thomas F. Turner,* for appellant.

*Holland & Holland,* for appellee.

STEPHENS; ASSOCIATE JUSTICE.—The parties to this litigation entered into a written contract which obligated appellee to build for appellant a second story to the "Hotel Bradford," at Amarillo, Texas, and to make certain changes in the old part of the building, including the cutting of a door "from sitting room to cellar," to be completed, in the manner therein specified, on or before July 15, 1893, for which appellant was thereby obligated to pay appellee, after the settlement of all claims by carpenters under the employment of appellee, eleven hundred and

twenty-five ($1125) dollars, as soon as said building should be received by appellee or his agent or attorney and acknowledged to be built according to the specifications. About the 20th of June, appellee wrote to appellant, who lived in the State of Alabama, that he would have the building completed between the 1st and 5th of July following, requesting him to be ready to receive it at that time. He failed to do so, and, on July 9th, before it had been received, though it had been completed for several days, except that the door mentioned above had not been cut, the building was entirely destroyed by fire.

In answer to this suit of appellee, instituted July 14, 1893, to recover the contract price, alleging full compliance with its terms on his part, appellant pleaded the general denial. Under the issue thus formed appellee was permitted to prove, over the objection of appellant, his excuse for not cutting the cellar door, as follows: "The reason I did not do this was because Mr. Morphis, who was Mr. Bradford's tenant, occupying the lower story of said building, stopped me, stating at the time that if this door was cut it would ruin two rooms on the lower floor so that he could not occupy them. He did not positively refuse to allow me to cut the door, but requested me not to cut it until he could hear from Mr. Bradford." It did not appear that Morphis had any authority to represent appellant, but rather to the contrary. The ground of objection to this evidence was again urged in the motion for a new trial, to-wit, that proof of an excuse, good or bad, for the non-performance of a material part of a contract could not, and did not, in this instance, sustain the allegation of full performance. Counsel for appellee undertake to meet the objection with the proposition that a substantial performance is all that is required, and that the item was too trivial, even in the estimation of appellant, to obstruct the right of recovery upon a contract otherwise fully performed. In support of the latter contention, they cite the fact that appellant wrote the co-tenant of Morphis, W. R. Baird, July 11, 1893, "Say to my friends in Texas that have complied with their contract in repairing the Hotel Bradford, that they shall have their money according to contract," promising to go to Mobile the next day and remit the money. This letter, however, was in reply to one received from Baird before the building had been completed, notifying Bradford that the work would probably be done by July 5th, and requesting that the money be sent promptly, so that they, Morphis and Baird, might occupy the upper story also, stating that appellee would lock up the rooms if he was not paid. No evidence was offered as to the cost of cutting the door.

That only a substantial compliance with the requirements of a building contract is exacted, has been expressly decided. Lynch v. Paris Lumber Co., 80 Texas, 23.

The difficulty is to determine what amounts to such compliance. It seems clear that every material part of the specified work must be done before the contractor can recover the contract price. To award a recovery for the full price, in a suit claiming that sum as per contract, upon

proof of less than full performance of the work undertaken, is to make a new contract for the parties. It seems to be the rule also that an offer to perform will not sustain the allegation of performance. Cherry v. Newby, 11 Texas, 457.

It is clear in this case that the evidence objected to did not show performance, but only an offer to do so, and an excuse for not doing so, which had not been pleaded. The question then is, was the cutting of this door a material or substantial part of the contract? It was distinctly specified as one of the things to be done before the contract price was payable. If it was too trivial and insignificant to have influenced the contract price, appellee might easily have shown that fact. We are asked to assume, without proof, that it would cost little or nothing to cut this door. Suppose we should assume that one dollar would cover it, then ought we not to deduct this $1 from the $1125 which appellee agreed to pay for the entire job? But there is nothing in the pleadings to support such a judgment. The work was never received, but destroyed, and no recovery was sought on the quantum meruit or valebat. The general denial required proof of the case substantially as alleged. It may be said that it appears that the cutting of this door would have been detrimental to the building, but this appears only from the hearsay declarations of the tenant forming a part of the very evidence objected to. But, if otherwise, it was the owner and not the tenant who contracted for the work to be done, and he had the right to have it done to his satisfaction, though it rendered the house valueless.

No reversible error is shown by assignments raising other questions.

On account of the error considered, we feel constrained to reverse the judgment and remand the cause for a new trial.

Delivered October 5, 1895.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—In support of this motion appellee cites numerous cases from courts of high authority, which, perforce of precedent, entitle him, we think, to the rehearing prayed for. Johnson v. De Peyster, 50 N. Y., 666; Glacius v. Black, 50 N. Y. 145; s. c., 67 N. Y., 563; Phillips v. Gallant, 62 N. Y., 264; Woodward v. Fuller, 80 N. Y., 312; Heckman v. Pinkney, 81 N. Y., 210; Flaherty v. Miner, 123 N. Y., 382; Gallagher v. Sharpless (Pa.), 19 Atl. Rep., 491; Moore v. Carter (Pa.), 23 Atl. Rep., 243; Aetna I. & S. Works v. Kossuth Co., 79 Iowa, 40.

In some of the New York cases cited, the failures on the part of the builders to comply strictly with their contracts included omissions and defects of greater magnitude than that shown by this record, and yet findings that there had been a substantial compliance were sustained. According to these decisions, there has been a relaxation of the rigid rule exacting strict compliance as a condition precedent to recovery in

this class of contracts, "embracing many particulars which it is difficult if not impracticable to comply with with entire exactness"; and it is now the rule, "that where a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price, less the damage on account of such defects. The defects must not run through the whole, nor be so essential as that the object of the parties to have a specified amount of work done in a particular way is not accomplished." Or, as it is otherwise expressed: "If there has been no wilful departure from the terms of the contract or omission in essential points, and the laborer has honestly and faithfully performed the contract in all its material and substantial particulars, he will not be held to have forfeited his right to remuneration by reason of mere technical, inadvertent, or unimportant omission or defects."

Whether the defects or omissions are substantial or merely technical and unimportant, are uniformly held to be questions for the jury or trial court. In determining whether there has been a substantial compliance, stress seems to have been laid in these cases upon whether the omission or refusal to perform the contract in every detail was willful or not. We are therefore of opinion that the evidence offered by appellee of the circumstances which caused him to omit cutting the door from the sitting room to cellar was competent upon the question of his good faith in attempting to comply literally with the terms of his contract, and to show that there was nothing willful in the omission. The assignment heretofore sustained to the action of the court in admitting this evidence will consequently be now overruled.

In view of the precedents above cited, as already indicated, we are of opinion that, inasmuch as the court submitted the issue to the jury whether or not there had been a substantial compliance on the part of appellee with the terms of his contract, and inasmuch as that was peculiarly an issue for the jury, we would not be warranted in disturbing the verdict. It was for them to pass upon the motives and conduct of appellee, and determine whether or not, under all the circumstances, the omission complained of was a trivial or unimportant one.

In this connection, we call attention to the very general character of the assignment (sixth) raising this question, both as found in the brief and in the motion for a new trial, reading: "Because the evidence also showed that plaintiff had not completed said building according to the plans and specifications of his contract." We doubt if this assignment is sufficiently definite to require us to pass upon the sufficiency of the evidence upon this particular point.

The verdict, then, finding substantial compliance, warranted a recovery for the contract price; and if, on account of a slight and unintentional omission appellant sustained damage, it was incumbent on him to diminish the amount of the recovery by alleging and proving that fact. As was said in the case of Heckman v. Pinkney, supra, "the defendant

might have been entitled to an allowance on account of the defective performance, if he had proved and claimed what it would have cost to complete the contract strictly according to its terms; but he did not give such proof, and hence there was no basis for such allowance."

There was no error in refusing to charge that plaintiff could not recover without showing that he had paid off all the claims of carpenters employed by him in the construction of the building; for it was not the contract that he was to pay these claims, but only to settle with the holders thereof, which he claimed to have done.

We find no merit in the other assignments.

The rehearing will therefore be granted, and the judgment affirmed.

While this conclusion has not been reached without difficulty, yet, as it is supported by precedent and seems to accord with substantial right, and will hasten the termination of the litigation, we feel better satisfied with it than with the reversal heretofore reluctantly entered.

*Rehearing granted and judgment affirmed.*

Delivered November 9, 1895.