## PHILIP HISS CO. v. PITCAIRN.

(Circuit Court, W. D. Pennsylvania. February 26, 1901.)

### No. 26.

CONTRACT FOR DECORATING AND FURNISHING ROOM—RECOVERY FOR PARTIAL PERFORMANCE.

Where a contractor agreed to decorate the walls, ceiling, and woodwork of a room, and equip it with furniture, at the agreed price of $5,200, defects in the woodwork which afterwards develop, and which are shown to be completely remediable at a cost not to exceed $500, should not preclude a recovery of the contract price, less a deduction of that amount, as the defects do not reach the entire consideration; substantial performance of the contract in all other particulars being shown.

Wm. M. Hall, for plaintiff.

Wm. W. Smith, Clarence Burleigh, and James H. Reed, for defendant.

ACHESON, Circuit Judge. The plaintiff company sued for a balance claimed to be due to it under five written contracts for decorating, furnishing, and refitting the defendant's dwelling house, and also for the value of some extra work and articles not within the contracts. The whole claim in suit was about $49,000, exclusive of interest. The jury found for the plaintiff in the sum of $44,114.10. The defendant moved for a new trial, assigning five reasons in support of his motion. At the hearing of the motion, the first reason, namely, "The verdict was against the evidence in this case," was not pressed. Neither did the defendant urge the second reason, based on the equitable ownership of part of the verdict by Arnold-Constable Company under an assignment of one of the contracts. Only the third, fourth, and fifth reasons were pressed. They all relate to the supposed error of the court in a certain portion of its charge, and in its affirmance of the plaintiff's fourth point. The part of the charge complained of is in these words:

"In respect to the defective woodwork, such defect would not preclude a recovery upon the contract which included that work, if the contract was otherwise substantially performed; but the defendant would be entitled to a deduction for the cost of repairing such defect, and the plaintiff would only be entitled to recover the contract price less the deduction."

The plaintiff's fourth point and the answer of the court thereto were as follows:

"Fourth. That the jury should not disallow all of the plaintiff's bill because there are certain defects in woodwork, but should deduct from that bill on this account what it will fairly cost, under the evidence, to put the woodwork in as good condition as it should have been under the contract. Answer. This point is affirmed."

The defendant's counsel in enforcing their objections have confined attention to two matters only, viz. the woodwork in the daughter's room and two newel posts. One of the written contracts sued on (Exhibit D, No. 4) contains this subdivision, namely:

"Daughter's Room: Walls and ceiling redecorated; woodwork and mantel (shutters not included) of maple (bird's-eye panels); curtains and furniture covers of damask, selected; new rug; two bureaus; 1 bed (5' 6") and bed-

ding; 1 easy chair; 1 rocker; 2 small chairs; 1 work table (3x2) of bird's-eye maple,—cost to be $5,200."

The plaintiff company gave evidence to show that it fully executed the work specified in the above-quoted clause, and delivered to the defendant all the articles named therein. The plaintiff actually did this specified woodwork. After the completion of the work, however, the wood therein shrunk and warped some, and the joints opened. What caused this was the subject of dispute. The plaintiff alleged, and at the trial gave evidence tending to show, that the mischief was occasioned by the damp condition in which the house was kept. The defendant alleged, and at the trial gave evidence tending to show, that the plaintiff had used in this work insufficiently seasoned wood, and that that was the cause of the trouble. But, whatever the cause, the uncontradicted evidence in the case showed that the woodwork could be put in perfect condition at a cost not exceeding $500. It was testified that this could be done at a much less expense, but no witness named a higher sum than $500 as the very outside cost of complete repairment. This was not a case of obstinate refusal to perform or of willful default. That the plaintiff made an honest effort to fulfill its engagement as to this woodwork is indisputable under the proofs. In fact, the plaintiff did this work. The evidence raised no question of bad faith on the part of the plaintiff in respect thereto. Hence no instructions to the jury based on the theory of want of good faith on the plaintiff's part were asked by the defendant. Upon reference to his first and fourth points, it will appear that the bare fact of substantial performance was alone drawn in question by the defendant. Those points were affirmed, and thereby, as also in and by the general charge, the court, as to each and every contract, left the question of substantial performance to the jury.

The defendant's first point was in these words:

"First. The burden of proof is on the plaintiff corporation to show that it has performed the several contracts in suit, and, if the plaintiff has failed to show substantial performance of any one of said contracts, it cannot recover upon such contract."

The court answered the point thus:

"That point is affirmed. It is in accordance with the general charge of the court."

In the general charge, and immediately following the above quotation, here the subject of complaint, the court said:

"Generally, the test of the right to recover in this case under the several contracts is substantial performance by the plaintiff."

It does seem to me that there is no solid basis for objection to the special instructions in question. Those instructions are to be read, not by themselves, but in connection with the whole charge and the answers to the defendant's first and fourth points. Of course, the instructions proceeded upon the admitted and established facts. The defects in the woodwork in the daughter's room were admitted to exist, but the uncontradicted evidence showed that they were remediable at a cost not exceeding $500. Now, in effect, the jury were told simply that if they found that the contract for the daughter's room—

which, besides the woodwork, included the decoration of the walls and the ceiling, the furnishing of damask curtains and furniture covers, a rug for the floor, two bureaus, one bed and bedding, an easy chair, a rocker, two small chairs, and a work table—had been substantially performed in all particulars other than the admitted defects in the woodwork, then those defects, of themselves, would not preclude a recovery upon the contract, but the defendant should be allowed a deduction sufficient to put the woodwork in as good a condition as the contract required. Upon the facts the instructions which were given to the jury, I think, were just and right, and in accordance with the decisions of the supreme court of Pennsylvania. Ligget v. Smith, 3 Watts, 331, is a leading case upon the subject of defective performance of a contract. There the plaintiff brought covenant on articles of agreement by which he undertook to build the brickwork of a warehouse for the defendant. The articles provided that the plaintiff should "fill in all the brickwork with mortar, or what is generally termed 'flushing-in.'" The plaintiff built the brickwork but failed to fulfill this stipulation as to flushing-in. The trial court ruled that the plaintiff could recover the contract price of his work, less a sum sufficient to compensate the defendant for the defective performance. This ruling was affirmed by the supreme court of Pennsylvania. That court, speaking by Chief Justice Gibson, said:

"Previous to the decision of Boone v. Eyre, 1 H. Bl. 273, note 'a,' it seems to have been taken that nothing less than entire performance of a mutual covenant would entitle the party to his action for a breach on the other side. In that case, however, a more reasonable and just rule was adopted, by which a mutual or dependent covenant which goes but to a part of the consideration on both sides, and whose breach may be compensated in damages, is to be treated exactly as if it were separate and independent. This is distinctly the principle, and it has been established by a train of decisions both in England and this country, which it is unnecessary to quote."

The court applied the principle to the case then before it, and declared:

"The result is that as the building, as finished, was not unfit for the use to which it was destined, though less fit than it was stipulated to be, the imperfection in its construction did not reach the entire consideration, and that the plaintiff was properly allowed to recover his demand, less a sum sufficient to compensate his defective execution of the contract."

This decision seems to me to be conclusive of the correctness of the instructions here drawn in question. Those instructions, be it observed, related altogether to defective performance, and that, too, in a single particular only. Plainly, the defective execution of the woodwork did not reach the entire consideration. The contract relating to the daughter's room covered a number of distinct and independent matters and things. Now, clearly, the defects in the woodwork did not affect the use or detract from the value of the decorative work on the walls and ceiling of the room which the plaintiff had executed, or the furniture and other chamber equipments which the plaintiff had provided. The breach here could be compensated in damages. The case, then, comes directly within the principle of Ligget v. Smith. It may be noted that Ligget v.

Smith has been repeatedly cited with approval by the supreme court of Pennsylvania, as in Appeal of McDowell, 123 Pa. 381, 409, 410, 16 Atl. 753.

There is another class of Pennsylvania cases, relating to partial execution, which hold that where a party, acting honestly and intending to fulfill his contract, performs it substantially, but fails to perform in minor particulars, remediable in damages, the other party will not be permitted to enjoy the fruits of such incomplete performance without paying a fair compensation according to the contract, receiving a credit for any loss suffered. Perhaps the earliest cases laying down this equitable doctrine are Preston v. Finney, 2 Watts & S. 53, and Chambers v. Jaynes, 4 Pa. 39. The principle has been freely applied in many cases of varying circumstances. Bridge Co. v. Pomroy, 15 Pa. 151, 159; Gallagher v. Sharpless, 134 Pa. 134, 139, 19 Atl. 491. I thought at the trial of this case, and I still think, that it clearly appeared by the uncontradicted evidence that the defects in the woodwork were comparatively slight imperfections, remediable at a relatively small cost,—at the utmost, not to exceed $500.

In respect to the newel posts, this only need be added to what has been said. The instructions in question seem to have had no relation to them. The newel posts were not embraced in any of the written contracts, but were extras. They were not furnished at an agreed price. As to these articles the plaintiff sought to recover upon a quantum valebat, and, if the jury allowed anything for them, it was on the footing of the value shown. The motion for a new trial must be denied, and it is so ordered.