# A. C. Denahan & Company, Incorporated, v. Holmesburg Granite Company, Appellant.

*Contract—Substantial performance—Fraud—Question for jury.*

1. Where there has been an honest and substantial attempt to complete a contract a departure therefrom in unimportant matters will not preclude a recovery and the party will be allowed the amount of the contract, deducting therefrom a sufficient sum to fully compensate the defendant for the loss he sustains in the failure of the plaintiff to give strict performance.

2. This right does not exist, however, in favor of a contractor who is guilty of fraud or gross negligence or who unjustifiably abandons the work before its completion, and the question of the good faith of the contractor and whether there was a material and substantial departure from the contract are questions for the jury.

Argued Oct. 21, 1910.   Appeal, No. 518, Oct. T., 1910, by defendant, from order of C. P. Phila. Co., March T., 1910, No. 3,219, making absolute rule for judgment for want of a sufficient affidavit of defense in case of A. C. Denahan & Company, Incorporated, v. Holmesburg Granite Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Assumpsit for work done.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellant.—The plaintiff is not entitled to have the damages for want of entire performance deducted from his claim and then to recover the balance: Harris v. Ligget, 1 W. & S. 301; Martin v. Schoenberger, 8 W. & S. 367; Caughey v. Parker, 26 Pa. Superior Ct. 289.

The doctrine of substantial performance, however, is an equitable doctrine and was never intended to be applied

except in cases where the party who had partially performed his undertaking had honestly and in good faith endeavored to perform fully, but had fallen short of complete performance in some respect that could be compensated in damages: Danville Bridge Co. v. Pomroy, 15 Pa. 151; Preston v. Finney, 2 W. & S. 53; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Snedaker v. Torpey, 41 Pa. Superior Ct. 312.

*J. H. Buckman*, of *Buckman & Buckman*, for appellee, cited: Preston v. Finney, 2 W. & S. 53; Prescott v. Otterstatter, 79 Pa. 462; Pepper v. City, 114 Pa. 96; Holmes v. Oil Co., 138 Pa. 546.

OPINION BY HENDERSON, J., March 3, 1911:

The plaintiff's cause of action arose out of a contract made between it and the defendant for the erection of stonework on the building of a water company which was erecting a pumping station in Bucks county. The whole work had been let to a contractor for whom the defendant had undertaken to furnish and erect all the cut stone required for the building. The plaintiff had also agreed to work and furnish materials in connection with another part of the same building. The plaintiff entered into an agreement with the defendant to set up window and door sills, copings and other cut stonework which the latter had agreed with the general contractor to do and this action was brought to recover compensation for that work. The plaintiff's statement alleges that the agreement with the defendant was that the plaintiff would put the stone in place, keep an account of the number of hours during which the workmen were employed and send the defendant a bill for the same; masons to be allowed fifty cents, riggers sixty cents, and laborers seventeen and one-half cents per hour, at which rate the defendant agreed to pay for the service. In reply to the plaintiff's demand the defendant set forth in the affidavit of defense and the supplement thereto that the agreement with the plaintiff was

that the latter would set all of the cut stone furnished by the defendant for the building and that the price agreed to be paid was made in consideration of the plaintiff's promise to complete the work of setting the stone in place; that this arrangement was entered into with the plaintiff so that the defendant would be relieved from the necessity of employing his own masons, riggers and laborers and using his own machinery and appliances for the completion of the work, which must be taken from the defendant's place of business at Holmesburg, Philadelphia, to the pumping station in Bucks county; that it was the intention of the plaintiff and defendant in entering into the agreement that all the cut stone should be set up by the plaintiff's workmen and that such intention and agreement was expressed by both parties when the verbal arrangement was made between the president of the plaintiff company and the president of the defendant company. It is then averred that the plaintiff did not complete the work which he had undertaken but left unset the gable coping of one of the gables of the building and left the stone cut therefor lying on the ground; that the plaintiff's workmen had set in place other masonry in front of the place in the building where the gable coping was required by the plans, thereby rendering it difficult, dangerous and expensive to the defendant to set this coping in place and that the expense to which the defendant was put in setting it was $34.21. It is further set forth that the defendant made demand on the plaintiff to complete the work and to set the coping and that the plaintiff positively refused to do so. It is further stated that the plaintiff's failure to set the coping was deliberate and intentional and that it was a substantial omission and that the contract would not have been entered into by the defendant if it had been known that the plaintiff would not complete the work, for the defendant was compelled to transfer men and machinery from its works at Holmesburg to the place in Bucks county where the water company was making the improvement. The affidavit sets up the

defense of an entire contract and a willful failure on the part of the plaintiff to complete the job. The court below entered judgment for the amount of the claim less the expense to which .the defendant had been subjected in doing what the plaintiff had failed to do. We must assume in the present inquiry that the plaintiff agreed to complete the work to which the contract applied; that all of the setting of stone involved in that part of the defendant's work for the general contractor was taken off its hands by the plaintiff and was to be done by that company. If this was the relation of the parties under the contract and the fact of nonperformance is as stated by the defendant the plaintiff's right to recover would depend on his ability to show that there was substantial performance. Their agreement is the law by which they are controlled and there could be no right of recovery on an express contract for the completion of a particular work until the plaintiff was prepared to show that the work was completed according to the contract or that there was such substantial performance as equitably entitled the plaintiff to recover for what was actually done. But the doctrine of substantial performance is in relief of the party applying it and must be shown to be applicable under the facts. It is a principle intended for the protection and relief of persons who honestly and in good faith endeavor to perform their contracts in all material and substantial particulars so that their right to be paid may not be forfeited where omissions or defects are unimportant or technical. It is incumbent on one who proposes to claim its protection to show that there was no substantial or willful departure from the agreement. Until this is done the question of substantial performance does not arise and the failure to perform the entire contract defeats the action. Where there has been an honest and substantial attempt to complete the contract a departure therefrom in unimportant matters will not preclude a recovery and the party will be allowed the amount of the contract deducting therefrom a sufficient sum to fully compensate

the defendant for the loss he sustains in the failure of the plaintiff to give strict performance: Pepper v. Philadelphia, 114 Pa. 96; Gallagher v. Sharpless, 134 Pa. 134; Holmes v. Oil Co., 138 Pa. 546; Filbert v. Philadelphia, 181 Pa. 530. This right does not exist, however, in favor of a contractor who is guilty of fraud or gross negligence or who unjustifiably abandons the work before its completion and the question of the good faith of the contractor and whether there was a material and substantial departure from the contract are questions for the jury: Holmes v. Oil Co., 138 Pa. 546; Gallagher v. Sharpless, 134 Pa. 134; Snedaker v. Torpey, 41 Pa. Superior Ct. 312. In entering judgment for the plaintiff for a portion of the claim the court necessarily passed on the subject of the materiality of the departure from the contract as alleged by the defendant. But this was a question of fact to be determined by a jury. If the contract was not entire the plaintiff was entitled to the whole of his claim. If it was entire and was not completed it was for the plaintiff to claim the protection of the doctrine of substantial performance and seek to recover the contract price less the cost to the defendant of the completion of the work left unperformed by the plaintiff, and whether it is in a position to recover a part of the contract price must be determined after the evidence relating to the transaction is presented. We think, therefore, that the case should have gone to the jury under the averments in the two affidavits of defense and that the court could not determine as the question was then presented whether the plaintiff was entitled to recover anything. It may be that at a trial it would appear that the contract was not entire or that there was substantial or complete performance but we regard the affidavits filed as sufficient to raise the defense of a willful and intentional breach of an entire contract without legal justification. We conclude, therefore, that the plaintiff was not entitled to judgment for want of a sufficient affidavit of defense.

The judgment is reversed and the record remitted for further proceedings.