**DAVIDSON v. SWANSON.**

No. 1936.

Court of Civil Appeals of Texas. Beaumont. Jan. 30, 1930.

Seale & Denman, of Nacogdoches, for appellant.

J. J. Greve and A. T. Russell, both of Nacogdoches, for appellee.

WALKER, J. This suit originated in justice court and was by appellee against appellant for $162 as the balance due upon a job of painting done by appellee for appellant. Appellant answered by pleas of general and special denial to the effect that appellee "wholly failed to comply" with his contract, and further by way of cross-action for damages suffered by reason of the manner in which the work was done. In justice court judgment was in favor of appellant, but, upon appeal to the county court and trial de novo on oral pleadings, judgment was in favor of appellee for $93.75, on the verdict of the jury finding that he had substantially complied with his contract.

The court did not err, as appellant asserts, in refusing to instruct a verdict in his favor. The work was done under a written contract which provided that appellee should do the work "to the entire satisfaction of John Hablin, builder, from which there is to be no appeal from either party." Hablin refused to approve the work on the ground that it wholly failed to comply with the specifications. But the contract had a further provision that "all work is to be done and finished as a master painter would do." The evidence raised the issue that appellant waived the provision requiring that the work be done to the satisfaction of Hablin, and there being evidence that appellee substantially complied with his contract, the peremptory instruction was properly refused.

The court did not err in submitting the issue of substantial compliance. Under the decisions of our courts "substantial compliance with specifications in a building contract warrants recovery thereon." 17 Michie's Digest, 1042; Linch v. Paris Lmbr. Co., 80 Tex. 23, 15 S. W. 208; Bradford v. Whitcomb, 11 Tex. Civ. App. 221, 32 S. W. 571; Johnson v. White (Tex. Civ. App.) 27 S. W. 174; Jennings v. Willer (Tex. Civ. App.) 32 S. W. 24.

The reception of the following evidence offered by appellee was error:

"My name is C. C. Pierce. I know Mr. J. L. Swanson and have known him some twenty years. He has done several jobs of painting for me and they were always satisfactory. The work was done well. He has been painting most all of the time since I have known him.

"Cross-examination by Seale.

"Mr. Swanson never did any inside painting for me. He never did any painting on the inside of a brick building for me. The painting he has done for me has been on a frame building."

This testimony had no relation to any issue in the case, that is, as said in Waul v. Hardie, 17 Tex. 553, "it neither conduced to establish the contract, nor the fact, or manner of its performance." That case was a suit for work done by plaintiff for defendant. The defense was that the work was defectively done and was worthless. Plaintiff offered evidence that defendant had seen other work done by him and "expressed himself well satisfied with the workmanship and machinery." Discussing the error in receiving such testimony, Judge Wheeler said, continuing the quotation given supra:

"That the defendant may have expressed himself well pleased with other work done by the plaintiff, and that it may have been well done, did not conduce in any degree to prove that the work done for the defendant was executed in a like workmanlike manner. It was not legal evidence of the manner in which the work in question, had, in fact, been performed. A party has a right to have none but legal evidence submitted to a jury. And where that which is irrelevant has been admitted, against the objections of the party, if it may have had an improper influence upon the jury, it will require a reversal of the judgment. It would, perhaps, be too much for this Court to say, that the answer of the witness did not have such influence."

Appellant complains that the court refused to submit the issues on his cross-action. No such issues were requested and appellant took no exception to the court's refusal to submit any issue in his behalf. As presented no error is shown in this respect.

But in view of another trial and of the propositions advanced by appellant's argument, the following issues should be submitted: (a) The amount of paint wasted by appellee upon the job. This arises under the testimony of John Hablin, who said: "Because of the improper way of handling and putting the paint on by Mr. Swanson, it took at least twenty gallons more of paint than it would have if he had performed the labor as he should have." (b) The actual amount paid by appellant to appellee upon his contract. Appellee sued for $192 less $30 paid to him by appellant. The testimony raised the issue that appellant had made the following additional payments for the account of appellee: August 5, 1925, to Carlisle Gilbert $46.50; to Mr. Gilbert $21.75; to Benol Rusche $24; to H. W. Rusche $30.75. He offered in evidence orders upon him for these amounts and testified that he paid them, and we find in the record no testimony controverting that fact. In addition to these items appellee testified that appellant paid him the $30 shown in his statement sued upon. All these payments total $153 which, taken from $192, the amount of the contract price, would leave a balance of only $49.

What we have said is not to be construed as an instruction to the trial court to limit the issues upon another trial to those discussed. All issues raised by the pleadings and testimony should go to the jury.

Reversed and remanded.