# Wilkinson, Appellant, *v.* Becker.

*Entire contract—Parol evidence to vary writing.*

In an action on an entire contract for plumbing work, where the written agreement specified item for item the work to be done, and the evidence is conflicting as to whether defendant agreed that some of the items should be omitted, it is proper to charge that the jury have no right to find that the contract was changed unless the evidence is clear, convincing and without doubt.

*Discharge of contract—Material variation.*

In such an action it is proper to charge that if the plaintiff failed to perform any material portion of his contract, he had no right to recover.

Argued March 20, 1893. Appeal, No. 64, Jan. T., 1893, by plaintiff, John M. Wilkinson, from judgment, of C. P. No. 1, Phila Co., on verdict for defendant, Henry Becker. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on contract for plumbing work.

At the trial, before BRÉGY, J., it appeared that the contract upon which suit was brought specified item for item the work to be done, and that the total amount which the plaintiff was to receive was $425. It was admitted that a number of items mentioned in the contract had not been done, but plaintiff alleged that defendant had agreed that these items should be omitted. Defendant denied this.

The court charged in part as follows:

"[Now apply all that to this particular case. Here Mr. Wilkinson undoubtedly and admittedly agreed to do certain things in that house; quite a number of them he admittedly did not do. Now he says that Mr. Becker agreed that he should make certain changes; Mr. Becker says he didn't.

"Now if it stood thus, oath against oath, and there is a written paper, the paper should be your guide and you would have no legal right to say, I believe this man or the other man. The law says the paper should stand; it is what they put in writing; that is what they agreed to do. And there is no hardship in this. . . .

" He voluntarily agreed to do that particular work, and he must do that particular work he agreed to do in writing, unless he has shown you by clear, convincing and indubitable evidence that it was changed. The written paper is not to be wiped out of existence except by such evidence as I have alluded to—evidence that rises to the highest importance as convincing evidence to your minds, satisfying you clearly—satisfying you that it was wiped out of existence and that new specifications were agreed upon between them. If a man wants to have brass hinges on his door for any reason, foolish or otherwise, he has a right to see that he is furnished brass hinges. He says that he wants them at so much and the other man is to charge so much for them. Now if the man comes afterwards and proves that he has put gold hinges on the door, he cannot have a recovery for them, because the man has a right to have what he wants and that cannot be made too plain. People who do work have rights, but people who want work done have their rights. If cases are to be tried by any other reason than that, then a trial in court is a mockery and justice cannot be obtained. . . .

" But he says that the reason he did not do them was because Mr. Becker agreed to the change. Now about that as I have stated, if it depended upon these two people alone—Mr. Sagebeer swearing that he agreed to the change, and Mr. Becker swearing that he did not do it, it would be your duty to throw both of them out of the case and say I will take the paper. That is to be your guide in this case, and all other cases. The only safe way is to try this case as all cases, by rule. If you do not do that, it would work the greatest injustice. . . .

" They contend that Mr. Becker did agree to a change, and Mr. Becker says that he did not agree. You will have to decide that with the caution I give you that unless you find that the evidence of the plaintiff on the stand whereby he says that the contract was changed or that the changes were agreed to—and you have no right to find it so unless the evidence is clear, convincing and without doubt. So if you are satisfied from all the evidence that Mr. Becker—satisfied by the kind of evidence I have mentioned—that Mr. Becker did agree to the changes, and that what they gave him was simply what they

agreed they should give him—then of course the plaintiff has a right to recover—something.] [1] . . . .

" [But suppose you take the other view of it, that the evidence in this case which asks you to change this contract is not of that clear, convincing, undoubted kind that ought to convince you; or that you believe under the law that written contract should stand—that the contract which these people put their names to should stand—what is the position then?

" It is this,—if that written contract is to stand, you are to look at the work by the evidence admitted by Mr. Wilkinson or satisfactorily proved by the other witnesses.

" What did Mr. Wilkinson do there? Did he do or has he failed to do any material portion of his contract? If he did not, he has no right to recover a cent.

" You cannot say, ' Oh, well, I believe that what he did was worth $200, or $300, or $350, or $400, and I will give him that much.' If he did not comply with the contract in a material and substantial way, he has no right to recover at all. . . .

" Now that is the principle going through this case. There is this qualification, however. If a man agrees to cut one thousand logs to be twenty feet long and it happens that a few of them should be nineteen feet and eleven inches, or if there should be some simple thing in a few of them, and if the evidence was that it was too late in the season to repair that or to cut other logs, then the jury could say—the man tried to do the thing right, in the sawing of the logs, that a slight variation is an unimportant matter, and we will allow him to recover the value of his contract, deducting whatever the damage is the man has suffered by not having the thing he contracted for. But if it is a material variation the man has no right to recover at all."] [2] . . . .

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) portions of charge as above, quoting them.

*J. W. Goheen, H. H. Gilkyson* with him, for appellant, cited: On the question of parol evidence to vary written agreement: Wilgus v. Whitehead, 89 Pa. 131; McCauley v. Keller, 130 Pa. 53; Malone v. Dougherty, 79 Pa. 46; Bryant v. Stilwell, 24 Pa.

314; Woods v. Russell, 2 Eastern R. 638; Noble v. James, 2 Grant, 278; Moore v. Carter, 146 Pa. 492; Greenleaf's Evidence, § 303.   On the discharge of the contract: Danville Bridge Co. v. Pomeroy, 15 Pa. 151; Holmes v. Oil Co , 138 Pa. 559; Pepper v. City, 114 Pa. 111; Ligget v. Smith, 3 Watts, 331; Noble v. James, 2 Grant, 278; Wade v. Haycock, 25 Pa. 382; Harris v. Liggett, 1 W. & S. 301; Young v. White, 5 Watts, 460; Preston v. Finney, 2 W. & S. 53; Chambers v. Jaynes, 4 Pa. 39; Miller v. Phillips, 31 Pa. 218; Bryant v. Stilwell, 24 Pa. 314; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Stricker v. Overpeck, 127 Pa. 446; Gallagher v. Sharpless, 134 Pa. 134; Moore v. Carter, 146 Pa. 492; Chitty on Contracts, 11 Am. Ed. 825; Addison on Contracts, *396, 397; White v. Oliver, 36 Maine, 92.

*W. Henry Sutton*, for appellee, cited: On question of evidence: Alexander v. Hoffman, 5 W. & S. 382; Quick v. Van Auken, 3 Penny. 477; Furniture Co. v. School District, 130 Pa. 93.   On discharge of contract: Danville Bridge Co. v. Pomeroy, 15 Pa. 151; Gillespie Tool Co. v. Wilson, 123 Pa. 25; Miller v. Phillips, 31 Pa. 218; Holmes v. Chartiers Oil Co., 138 Pa. 560; Bryant v. Stilwell, 24 Pa. 314; Stricker v. Overpeck, 127 Pa. 452.

Per Curiam, April 3, 1893:

We have examined the several assignments of error in this case but see no reason for disturbing the judgment.   The question of substantial performance of the contract was submitted to the jury and they have found that there was no substantial performance.   If this is right, as we must assume it to be, the plaintiff had no right to recover.   It would seem, upon the whole case as it is presented to us, that a very strict rule was applied by the jury; but on the other hand the record shows that the case was reviewed by the court below on a motion for a new trial, and the motion refused.   The inference is plain that both the jury and the judge before whom the case was tried were satisfied that there ought to be no recovery.   However this may be the case was properly submitted and the judgment is affirmed.