## George W. Hartman v. John Meighan, Appellant.

*Contract—Entire contract—Failure of performance.*

A party to a contract cannot be permitted to recover, for part perform-
ance of his agreement unless prevented from performing by the other
contracting party, or so trifled with that it becomes his duty to declare the
contract at an end.

*Contract—Entire contract—Evidence—Burden of proof.*

Where a party to an entire contract admits nonperformance and assigns
as an excuse that he " was not permitted to complete it, although he was
ready and willing to do so," the burden of proof is upon him.

In an action to recover on an entire contract, where nonperformance of
a part of the contract is admitted, it is error for the court to charge: " If
you believe . : . . that the plaintiff refused to go on unless he received
a payment of one hundred dollars, and that the contract did not provide
for that payment, and that there was no custom of the trade and no under-
standing of the parties or acts of theirs evincing that that was the custom,
and that therefore the plaintiff broke his contract and refused to go on
because payment was not made, he would be entitled to recover for the
value of the work less what it cost the defendant to complete the contract
in accordance with its terms."

Argued March 27, 1895. Appeal, No. 169, Jan. T., 1895, by
defendant, from judgment of C. P. No. 3, Phila. Co., March T.,
1893, No. 255, on verdict for plaintiff. Before Sterrett, C. J.,
Williams, McCollum, Mitchell and Dean, JJ. Reversed:

Assumpsit to recover balance alleged to be due on a contract.
Before Gordon, J.

At the trial it appeared that on May 21, 1889, plaintiff and
defendant entered into a written contract by which plaintiff was
to put into fifty-two houses of defendant, Hartman's Improved
Tubular Heater, with all connections, for $41.00 per house.
He claimed that after he had put in $377 worth of work, con-
sisting of the flue pipes, etc., permanently fastened in the parti-
tions, that defendant wrongfully hindered him from proceeding
with the work, and paid him but $190 for what he had done.
The contract did not provide for the time when payment was
to be made.

Defendant claimed that plaintiff refused to proceed with the
work because defendant refused to pay him a further sum of

$100 before he did any of the rest of the work, he having already received full value for that done.    Defendant then made a new and different contract with one John P. Donnelly for a Harmony Heater to be put in the houses at the price of $35.00 per house.

Plaintiff at the trial testified that it was customary for himself and others sometimes to receive pay as the work progressed though the contract did not call for it.   He admitted that while the work was in progress he had refused to proceed unless $100 was paid to him, but averred that subsequently he did offer to proceed, and wrote to the defendant to know when the houses would be ready for him.

The court charged in part as follows

Now, if you believe in this case that the plaintiff refused to go on unless he received a payment of $100, and that the contract did not provide for that payment, and that there was no custom of the trade, and no understanding of the parties or acts of theirs evincing that that was the custom, and that therefore the plaintiff broke his contract and refused to go on because payment was not made, he would be entitled to recover for the value of the work less what it cost the defendant to complete the contract in accordance with its terms.

It appears in this case the defendant hired a man named Donnelly to have the contract completed for $35.00 per house. It is said that it was completed in a different way ; that a different kind of heater was supplied.    Well, gentlemen of the jury, that is his right—if there was a breach by the plaintiff— to change the contract and have it performed in a different way, but it is incumbent upon defendant to show what it would have cost him to have completed it in accordance with the contract.    If he had it substantially completed for a sum which was equal to what the first contract price was, then he is not injured even if there was a breach upon the plaintiff's part, because the damage is what you seek to discover.

In this case the defendant had it completed in some way for $35.00 per house, and that, together with what he has paid, amounts to $38.65, which is $2.35 less than what the original contract price was.    When he went on to complete the contract through somebody else it was his duty to show you that he suffered damage by being obliged to go elsewhere and complete

the contract, and he can only have set off against this claim so much damage as he suffered; and it is your duty to ascertain what, if any, damage he did suffer. If he suffered none, then the plaintiff would be entitled to recover the entire amount, even if he was guilty of a breach, for the defendant suffered no damage on his part.

Verdict and judgment for plaintiff for $158.60. Defendant appealed.

*Error assigned* was portion of charge quoted above.

*Alex. Simpson, Jr.*, for appellant.—The jury having found for plaintiff for the difference between the contracts with interest, less the $190 already paid,—as stated to them by the trial judge as the alternative in case they found plaintiff broke the contract, that verdict establishes two things: (1) That plaintiff and not defendant broke the contract between them; (2) defendant was not injured by any error in the charge relative to the supposed custom of the trade.

The error into which the trial judge fell was in applying to a suit by the plaintiff after his default, the principles which would be applicable if defendant were suing for injuries sustained by reason of that default; and in supposing that defendant was endeavoring to prove a set-off: Martin v. Schoenberger, 8 W. & S. 368; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Wilson v. Lyle, 23 W. N. C. 309.

*Walter E. Rex*, for appellee.—No notice was given by defendant of his intention to give the contract to another party, and he did give out the contract, notwithstanding he had been notified by the plaintiff that he was willing to proceed.

It is a general rule that a party having a right of rescission because of the fault or act of the other, should make known his rescission as soon as may be after he knows his right to rescind: Parsons on Contracts, 681; Zuck v. McClure, 98 Pa. 541.

Even if this is a breach of contract for which the plaintiff in this case could be held responsible, it has been decided that the measure of damages is the difference between the amount of the contract and the market price of the article at the time of

the breach: McHose v. Fulmer, 73 Pa. 365 ; R. R. v. Steele, 11 W. N. C. 113 ; Shaw v. The Turnpike Co., 2 Penrose & Watts, 454.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895 .

It may be true, as stated by the learned counsel for appellee in his argument, that "substantial justice has been done in this case by the verdict of the jury;" but it is by no means certain that such was the result. Our examination of the charge in connection with the testimony has satisfied all of us that the instructions contained in so much thereof as is recited in the specification of error were erroneous, and the jury were thereby misled to the defendant's prejudice. In the first sentence of that excerpt, the learned judge said: " Now, if you believe . . . . that the plaintiff refused to go on unless he received a payment of one hundred dollars, and that the contract did not provide for that payment, and that there was no custom of the trade and no understanding of the parties or acts of theirs, evincing that that was the custom, and that therefore the plaintiff broke his contract and refused to go on because payment was not made, he would be entitled to recover for the value of the work less what it cost the defendant to complete the contract in accordance with its terms."

We are not aware that it has ever been recognized as a sound principle of the law of contracts that a plaintiff who has willfully defaulted in the substantial performance of an entire contract may nevertheless recover to the extent of his part performance. Equally unsound and untenable is the subsequent instruction to the effect that plaintiff in this case could recover his claim unless defendant proved affirmatively that he had suffered damage by plaintiff's default. Our own cases, among which are Martin v. Schoenberger, 8 W. & S. 367, and Gillespie Tool Co. v. Wilson, 123 Pa. 19, inculcate no such doctrine. In the former it was said : " To permit a man to recover for part performance of an entire contract, or to permit him to recover on his agreement when he has failed to perform, would tend to demoralize the whole country. . . . No plaintiff ought ever to be permitted to recover for part performance of his engagements unless prevented by the defendant from per-

forming or so trifled with that it becomes his duty to declare the contract at an end."

In this case, the plaintiff's agreement, as set forth in his statement, is an entire contract and the excuse he assigns for admitted non-performance, is that he " was not permitted to complete it, although he was ready and willing to do so." The burthen of proving this was on him and if he failed to make the necessary proof it was either his fault or his misfortune.

It follows from what has been said, in relation to that part of the charge recited in the specification of error, that as a whole it is erroneous and misleading, and the judgment must be reversed.

Judgment reversed and a venire facias de novo awarded.