# Hoover, Appellant, v. Beech Creek Coal & Coke Company.

*Contract—Nonperformance—Fraud—Testing coal lands—Diamond drill.*
Where an owner of coal lands desiring to ascertain the thickness of the coal strata under his lands, employs another to sink a well with a diamond drill through the coal in such a way as to furnish to the owner a core consisting of a column extending down through the formations of the earth and representing the actual stratification, and the contractor delegates the work to another who after bringing up a core of twenty-two inches of coal fraudulently adds fourteen inches so as to give the appearance of a stratum of coal three feet in thickness, the owner is justified when he discovers the fraud in notifying the contractor to stop the drill, and in refusing to pay for the work.

In such a case the action of the agent of the contractor in fabricating a false core and thus destroying the identity of the true core taken from the stratum in question not only deprived the owner of the reliable information which he was entitled to have but it tended affirmatively to mislead him. Such an execution of the work was in no sense a substantial performance of the contract, but a fraudulent, defective and worthless performance, the same as no performance at all.

Argued Oct. 24, 1905. Appeal, No. 52, Oct. T., 1905, by plaintiffs, from judgment of C. P. Clearfield Co., Sept. T., 1903, No. 195, on verdict for defendant in case of C. C. Hoover and M. Hoover trading as C. C. Hoover & Company v. Beech Creek Coal & Coke Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for drilling a well. Before SMITH, P. J.
The facts are stated in the opinion of the Superior Court.
The court gave binding instruction for defendant.
Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*A. C. Cole*, with him *F. Blake Kuntz*, for appellant.—Relief cannot be given on account of fraud or misrepresentation to a party who has, in fact, not acted on such misrepresentations:

DeCamp v. Hamma, 29 Ohio, 467; Weaver v. Carpenter, 42 Iowa, 343; Anderson v. Warne, 71 Illinois, 20; Hanna v. Rayburn, 84 Illinois, 533; Boyd v. Shiffer, 156 Pa. 100 ; Manhattan Brass Co. v. Reger, 168 Pa. 644; Ackman v. Jaster, 179 Pa. 463; Phipps v. Buckman, 30 Pa. 401; Devers v. Sollenberger, 25 Pa. Superior Ct. 64 ; Hoyt v. Hambury, 128 U. S. 584 (9 Sup. Ct. Repr. 176); Farrar v. Churchill, 135 U. S. 609 (10 Sup. Ct. Repr. 771); Farnsworth v. Duffner, 142 U. S. 43 (12 Sup. Ct. Repr. 164).

*Roland D. Swoope,* for appellee.—The argument on behalf of the appellants that plaintiffs in this case were entitled to recover unless defendant proved affirmatively that it had suffered damage by plaintiffs' default, is both unsound and untenable : Hartman v. Meighan, 171 Pa. 46 ; Martin v. Schoenberger, 8 W. & S. 367; Gillespie Tool Company v. Wilson, 123 Pa. 19; Caughey v. Parker, 26 Pa. Superior Ct. 289.

The plaintiffs having placed the entire conduct of the work of drilling in charge of White are responsible for any fraud or improper conduct of their agent. Mundorff v. Wickersham, 63 Pa. 87.

The contract in this case was entire and the recovery must rest on performance or not be allowed at all. A defective, negligent and worthless performance is no performance whatever: Pepper v. City of Philadelphia, 114 Pa. 96.

Opinion by Porter, J., December 11, 1905 :

The defendant company having become interested in an option to purchase certain lands, desired to obtain definite information, before the option expired, as to whether the land was underlaid with coal and, if so underlaid, the thickness and quality of the stratum. They entered into a contract with the plaintiff company to explore the land with a diamond drill, the drilling to be done at such points as the defendant company should indicate, and the work to be paid for at the rate of $2.00 per foot. The work has all been paid for except the last well, which was drilled upon a part of the property known as the Noel Farm, for which the defendant company refuses to pay. The plaintiffs brought this action to recover for the drilling of

the last well, alleging in their statement : " That the defendant employed the plaintiff to put down a diamond drill hole on certain lands in Cambria county, for the purpose of investigating the strata underlying the surface at the point indicated by the defendant ; that it was agreed by and between the parties that the defendant should pay the sum of $2.00 per foot for whatever depth it was necessary to drill said well at the point indicated ; that in pursuance of said agreement the plaintiff entered upon the premises indicated by the defendant, and put down said hole in accordance with the terms of said contract, a depth of 485½ feet, and completed the same on or about June 1, 1903." The plaintiffs filed an affidavit of defense, a plea of non assumpsit was entered and upon that issue the case went to trial. The learned judge of the court below gave binding instructions in favor of the defendant company, and the plaintiffs appeal.

There was no dispute, under the evidence, as to the facts material to the right of the plaintiffs to recover. They had alleged in their statement that the contract was entered into and the work done " for the purpose of investigating the strata underlying the surface at the point indicated by the defendant," and the evidence clearly established that such was the only object of the parties. C. C. Hoover, the active partner and manager of the plaintiff firm, testified that the purpose of the drilling was to determine the formations of the earth and ascertain the thickness of the coal measures in the property ; that the way in which this is accomplished and the strata through which you pass with a diamond drill shown is by bringing out a core of the strata ; as the drill progressed downward a core of the strata passed into the core barrel and was therein brought to the surface and removed ; the core brought out by the drill used in this operation was two and one-quarter inches in diameter. This testimony is in absolute harmony with all the other evidence in the case and clearly establishes that the understanding of the parties was that the practical purpose, aim and design of this contract was that the work done under it should result in furnishing to the defendant company a core consisting of a column extending down through the formations of the earth and representing the actual stratification. Such a core would not only have informed the defendants as to the position and

thickness of the coal stratum, but would have enabled them to obtain accurate knowledge of the quality and value of the coal.

The plaintiffs employed one White and delegated to him the execution of the work and performance of all the duties which they had assumed under the contract. When the coal stratum was passed through the drill brought up a core twenty-two inches in length; White added to this a sufficient amount of coal core taken from a hole on some other property to make a core three feet in length, thus giving it the appearance of a core actually taken from one stratum of coal three feet in thickness; and at the same time entered upon the record of the well kept by him a statement that the drill had passed through a stratum of coal three feet in thickness. He placed this fabricated core in a core box, a device intended to keep the core in the position in which it was taken from the well, and delivered it to the defendant company as the core actually taken from this hole. The drilling was continued for some days after this, when, one of White's assistants having failed to keep the secret, the defendant company acquired knowledge of the fraud, notified plaintiffs to stop the drill and refused to pay for the work.

The burden was upon the plaintiffs to prove performance of their contract; they had not performed in any other manner than through White and were for his acts responsible. Where one of two innocent persons must suffer by the fraud or negligence of a third, whichever of the two has accredited him, ought to bear the loss: Mundorff v. Wickersham, 63 Pa. 87. The defendants had not agreed to merely have a hole drilled in their land, they had agreed to pay for what a properly and honestly operated diamond drill would take out of the hole. The action of the agent of the plaintiffs in fabricating a false core and thus destroying the identity of the true core taken from the stratum in question not only deprived the defendant company of the reliable information which it was entitled to have, but it tended affirmatively to mislead them. Such an execution of the work was in no sense a substantial performance of the contract, but a fraudulent, defective and worthless performance, the same as no performance at all: Miller v. Phillips, 31 Pa. 218; Hartman v. Meighan, 171 Pa. 46; Gil-

lespie Tool Co. v. Wilson, 123 Pa. 19.    One who agrees to
pay for the information resulting from an honest investigation
cannot be called upon to pay for an intentionally false and de-
ceptive report.

The judgment is affirmed.