## Snedaker, Appellant, *v.* Torpey.

*Contract—Performance — Substantial performance — Evidence—Case for jury.*

Where a party has acted honestly, with intent to fulfill his contract, and has performed it substantially but has failed in some comparatively slight particulars, the other party cannot hold and enjoy the fruits of his labor without paying a fair compensation according to the contract, receiving credit for whatever loss or damage he suffered. Whether the party acted in good faith, and whether the departures from the contract were material are generally questions for the jury.

Argued Oct. 6, 1909. Appeal, No. 7, Oct. T., 1909, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 2,234, M. L. D., for defendant non obstante veredicto in case of Frank C. Snedaker et al., Copartners, trading as Frank C. Snedaker & Company, v. John J. Torpey, Owner or Reputed Owner. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover balance alleged to be due on a building contract.   Before BRÉGY, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for $250 in favor of the plaintiffs.   Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Charles H. Sayre*, with him *Frank G. Sayre*, for appellants.—The case was for the jury: Glacius v. Black, 50 N. Y. 145; Preston v. Finney, 2 W. & S. 53; Snodgrass v. Gavit, 28 Pa. 221; Danville Bridge Co. v. Pomroy, 15 Pa. 151; Pepper v. Phila., 114 Pa. 96; Monocacy Bridge Co. v. American Iron Bridge Co., 83 Pa. 517; Cosgrove v. Cummings, 190 Pa. 525; Heckmann v. Pinkney, 81 N. Y. 211; Gallagher v. Sharpless, 134 Pa. 134; Meincke v. Falk, 61 Wis. 623 (21 N. W. Repr. 785); Albert v. Frick, 1 Penny. 132; Johnson v. DePeyster, 50 N. Y. 666; Shires v. O'Connor, 4 Pa. Superior Ct. 465; Pallman v. Smith, 135 Pa. 188; Holmes v. Chartiers Oil Co., 138 Pa. 546; Truesdale v. Watts, 12 Pa. 73.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellee.—Contractors who after taking a contract proceed to "skin" the job and make changes for their own mercenary purposes have never been allowed to successfully invoke the equitable doctrine of substantial performance: Gibbs v. Girardville School Dist., 195 Pa. 396; D., L. & W. R. R. Co. v. Monroe County Water Power, etc., Co., 221 Pa. 387; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Caughey v. Parker, 26 Pa. Superior Ct. 289; Hoover v. Beach Creek Coal, etc., Co., 29 Pa. Superior Ct. 615.

OPINION BY HENDERSON, J., December 13, 1909:

The defendant resisted the claim of the plaintiffs on the ground that the work and material were not in accordance with the plans and specifications according to which the work was undertaken.   The plaintiffs denied a departure from the

terms of the contract as to all of the particulars alleged by the defendant except three, and the jury found for the plaintiff on the disputed questions. The deviations admitted by the plaintiffs were that spruce instead of yellow pine horses were used to support the stairs; that the rail was fastened to the newel post with nails instead of bolts and that flooring seven-eighths inches in thickness was used on the landings on the stairway instead of material one and one-eighth inches thick. As to the first of these the plaintiffs allege that spruce was a better material for the purpose intended than yellow pine, and that they used it for that reason. They also showed that the material was covered up in the construction of the stairway and that the defendant was in no way prejudiced by the change. Plaintiffs also claimed that the rail was nailed rather than bolted because it was impracticable to use bolts on account of the way in which the rail met the newel post. The thinner flooring on the stair platforms was used as the plaintiffs alleged because the flooring of the building was of seven-eighths thickness and the stair platforms were made the same to correspond with the remainder of the house. The only difference in cost as claimed by the plaintiff was about $1.50. The contention of the plaintiffs was that these variations were honestly made, that they were unimportant and slight and that there was in any view of the case substantial performance of the contract. The court submitted this question to the jury and a verdict in favor of the plaintiffs was rendered.

The question before us is whether the evidence presents such a case as required the court to enter judgment for the defendant non obstante veredicto after a finding by the jury that the plaintiffs acted in good faith and that the variations in the contract were not important. The evidence shows that the defendant was present nearly every day during the progress of the work; that he was himself a practical builder, and the testimony introduced by the plaintiffs is to the effect that at the completion of the work the defendant was satisfied therewith. It is not pretended that the work was not so far perfected as to answer the purpose intended nor that the

admitted variations from the specifications affected the usefulness of the stairway to any considerable degree.

The rule as to strict performance has been relaxed in Pennsylvania, and the doctrine of our cases is and for a long time has been that departures from a contract in the substitution of one thing for another, if done with proper motives and in unimportant matters will not preclude the plaintiffs from recovering for substantial performance. Where such performance has been honestly rendered by one who has furnished material and labor which are used by the other party to the contract, he will not be held to a technical performance and denied any compensation, but will be allowed to recover the amount of the contract after deducting therefrom a sufficient sum to fully compensate the defendant for the loss he sustained by the failure of the plaintiffs to give strict performance: Danville Bridge Co. v. Pomroy, 15 Pa. 151; Albert v. Frick, 1 Penny. 132; Gallagher v. Sharpless, 134 Pa. 134; Holmes v. Oil Co., 138 Pa. 546; Filbert v. Philadelphia., 181 Pa. 530.

The principle is thus stated in Pepper v. Philadelphia, 114 Pa. 96: "Where a party has acted honestly, with intent to fulfill his contract, and has performed it substantially but has failed in some comparatively slight particulars, the other party cannot hold and enjoy the fruits of his labor without paying a fair compensation according to the contract, receiving credit for whatever loss or damage he suffered."

It is not intended that the indulgence thus shown a contractor is to be applied in cases of fraud or gross negligence, or when one unjustifiably abandons the undertaking before its completion, but only where an intention is disclosed to complete the work in good faith. Whether the party acted in good faith, and whether the departures from the contract were material are generally questions for the jury: Truesdale v. Watts, 12 Pa. 73; Pallman v. Smith, 135 Pa. 188; Holmes v. Chartiers Oil Co., 138 Pa. 546; Cosgrove v. Cummings, 190 Pa. 525; Albert v. Frick, 1 Penny. 132; Gallagher v. Sharpless, 134 Pa. 134.

The learned trial judge charged in substance that if the

plaintiffs attempted to slight the work, or if they deviated from the plans and specifications in an important matter, they could not recover, but if their work was substantially completed in good faith and their omission related only to some unimportant matters then they were entitled to a verdict for the contract price subject to a deduction because of the variations. This was a correct statement of the law applicable to the evidence introduced, and the jury having returned a verdict for the plaintiffs, with a deduction to the defendant on account of the changes, no sufficient reason has been shown why judgment should be entered for the defendant non obstante. The authorities cited in support of the position of the appellee are not in conflict with the appellant's contention.

Gillespie Tool Co. v. Wilson, 123 Pa. 19, is a case of a test well for oil and gas in undeveloped territory. A considerable part of the hole near the bottom was only four or four and one-fourth inches in diameter instead of five and five-eighths inches. It was obvious, as well as shown by the evidence, that a four and one-fourth inch well would not discharge as much gas as one five and five-eighths inches in diameter, nor was there any attempt to excuse or justify the variance from the terms of the agreement.

In Caughey v. Parker, 26 Pa. Superior Ct. 289, there was a total failure to perform. True, a well was drilled into the fourth sand but the tools were lost in the well and the contractor was unable to remove them, by reason of which the well was lost to the owners.

In Hoover v. Beach Creek Coal, etc., Co., 29 Pa. Superior Ct. 615, a gross fraud in a most material matter was perpetrated in the execution of the contract by the agent of the plaintiff.

The quotation in the appellee's paper-book from Gibbs v. School District, 195 Pa. 396, is a recital in the opinion of the Supreme Court of the reasons given by the court below for giving binding instructions for the defendant, but that case was reversed and was decided on a proposition not involved in this case.

We are of the opinion that on the evidence exhibited at the trial the case was for the jury on the instructions given by the trial judge. As, however, the motion for a new trial does not appear to have been disposed of by the court the record must go back to permit the trial court to dispose of that subject.

The judgment is reversed and the record remitted to the court below to dispose of the motion for a new trial.