## Sturts *v.* Ziegler, Appellant.

*Contract—Building contract—Defective wall—Evidence.*

1. In an action to recover the contract price for the erection of a building, the plaintiff is not entitled to recover the full amount, where the evidence shows that the party line walls were so negligently built out of the vertical that they overhung abutting property. The defendant is entitled to have deducted from the contract price the cost of reconstructing the walls in a proper manner, and in accordance with the contract.

2. In such a case the owner does not waive any right to have the walls built in a proper manner by making payments during the progress of the work and by using the building afterwards, if it appears that he never assented to the defect in the construction, nor waived his objection thereto.

Argued Dec. 18, 1909. Appeal, No. 163, Oct. T., 1909, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1908, No. 203, on verdict for plaintiff in case of Ernest H. Sturts v. John M. Ziegler. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit on a building contract. Before STAAKE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,298.50. Defendant appealed.

*Errors assigned* were (1–41) various rulings on evidence and various instructions.

*V. Gilpin Robinson,* for appellant, cited: North Braddock Boro. v. Ry. Co., 217 Pa. 27; Miller v. Phillips, 31 Pa. 218; Bryant v. Stilwell, 24 Pa. 314; Fisher v. Mershon, 9 Pa. Superior Ct. 238; Wilkinson v. Becker, 155 Pa. 194; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Gallagher v. Sharpless, 134 Pa. 134; Wade v. Haycock, 25 Pa. 382.

*Dwight M. Lowrey,* with him *Alfred R. Haig,* for appellee, cited: Chambers v. Jaynes, 4 Pa. 39; Malone v. Phila., 12 Phila. 323; Mulligan v. Fitzpatrick, 28 W. N. C. 151.

OPINION BY ORLADY, J., October 10, 1910:

The defendant submitted a written offer to build on a lot eighteen by eighty-eight feet a two-story brick stable of the size of the lot as per a plan furnished by the plaintiff for the sum of $3,046. After a conference between the parties and a modification of some minor matters the offer was accepted on January 9, 1908, and work thereon was promptly begun. The sum of $1,700 was paid during the progress of the work, and when the defendant took possession of the stable about April 15, 1908, he refused to make any further payment for the reason that the contract plan had been so departed from, and the work had been so defectively done, that the defendant claimed he should not be asked to pay any more than had been paid by him.

The plaintiff's claim with interest was for $1,417.32, and the verdict returned in his favor was $1,298.50, showing that the jury did make a deduction of $118.82 to cover some of the defects shown by the defendant, and while the counterclaims present many objections to the work, the great majority of them may well be treated as having been fully considered by and rightly disposed of by the jury.

The case was tried with strenuous attention to minor as well as to important items, and resulted in a cumbersome record which beclouds rather than clears the real merits of the case. There are forty-one assignments of error which in argument are combined under the fourteen titles, and these may be epitomized into three principal questions. The substantial one grows out of the disposition made by the court of the fourth point presented by the defendant, which was as follows: "If the jury find that any of the walls erected by the plaintiff on land owned

by the defendant are not vertical, and if they find that they are so erected that the top or any intermediate point of the walls overhangs land which does not belong to and is not in the sole control of the defendant, then your verdict should be for the defendant," this the court overruled without any qualification or explanation.

The plaintiff brought his suit to recover for complete performance of his contract, but on the trial was obliged to admit that there were certain defects in construction so that he varied his proof to show a substantial compliance with his contract with the assent of the defendant. As stated in appellee's paper-book, "When the walls were one story high, the plaintiff propped the walls to counteract the bulging and leaning. These props remained until after the building was completed. Defendant lived on adjoining premises, saw the props and made no objection." It must be admitted that if the variances had the approval of the defendant, no damages can be claimed for them. If any had not such approval, compensation must be given: Chambers v. Jaynes, 4 Pa. 39. The evidence shows that the bulging of the walls was brought to the attention of the defendant, but it nowhere appears that he assented to them or waived his objection thereto. He was consistent in his demand that the walls should be vertical and that the other alleged defects should be remedied.

The plaintiff further admits that when the building was completed, the south wall was out of plumb, irregular, bulging and overhung the base line, from one inch at the front to three and one-quarter inches along the course of the wall, and one inch at the southeast corner. The north wall overhangs the adjoining property several inches. It was fairly shown that in order to restore them to a vertical line it will be necessary to relay more than 30,000 bricks. In addition to this, it was shown that on account of the bulge in the walls they will carry about ten per centum less weight than vertical walls, and further, that a large number of secondhand bricks were used in

their construction. The testimony is reasonably clear that it would cost $700 to reconstruct these walls so as to make them plumb,—as the defendant was entitled to have them. This is what he contracted for and did not get.

The stable occupied all of the area of the lot, and when the plaintiff departed from a vertical line, he was occupying the land of an adjoining owner. Whether the overhang was due to the alternate freeze and thaw during the erection of the walls, or whether due to reckless and incompetent work is not material in this case. The defendant should not be obliged to pay for a wall he made proper objections to during its construction, merely because the efforts of the plaintiff to keep it straight were ineffectual. He should not be made to take the hazard of a law suit with a neighbor, while he has in his hands sufficient funds to protect himself, and at the same time require his builder to do just what he contracted to do. It is quite plain that the cost of reconstructing the walls was not considered by the jury, and it is reasonably clear that the answer of the court to the defendant's fourth point warranted their elimination of these items of the defense. That they did not consider them at all is shown by the verdict. The defendant might not have been entitled to an unqualified affirmance of his point, but to answer it without any explanation quite naturally misled the jury to disregard all the evidence relating to the overhang of the walls. In this we think there was error. The rule governing such a case has but recently been clearly stated by HENDERSON, J., in Snedaker v. Torpey, 41 Pa. Superior Ct. 312, and in many phases that case is applicable to this one, "Whether the party acted in good faith, and whether the departures from the contract were material are generally questions for the jury." Under the evidence the character and extent of the departure from the contract was an important fact for the consideration of the jury, and they should have been fully instructed in regard to that part of the defense: Miller v. Phillips, 31 Pa. 218; Bryant v. Stilwell, 24 Pa. 314; Gallagher v. Sharpless,

134 Pa. 134; Christy v. Price, 223 Pa. 551; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Pile v. Pedrick, 167 Pa. 296.

The defendant was not obliged to allow the property to remain vacant until the stable was put in the condition required by the plans. He minimized the builder's loss in using it. He committed no wrong, and lost no right by taking possession of and using it as well as he could: Wilkinson v. Becker, 155 Pa. 194; Hartupee v. Pittsburg, 97 Pa. 107; Meacham v. Gardner, 27 Pa. Superior Ct. 296.

Nor did he waive any right by making payments during the progress of the work. He had a right to assume that when the building would be finally completed it would be just such a building as the contractor had agreed to furnish him: Franklin v. Shalty, 57 Pa. 103; Uhler v. Sanderson, 38 Pa. 128.

For the reasons stated the judgment is reversed, and a v. f. d. n. awarded unless the plaintiff remits from his verdict the sum of $600, an amount deemed sufficient to enable the defendant to reconstruct the walls so as to make them vertical throughout their length and height. In case the plaintiff remits the amount suggested, then the judgment as so ascertained is affirmed.