## Carey v. Seifert, Appellant.

*Mechanic's lien—Implied contract—Breach of contract.*

1. A builder who is engaged to erect a small building not defined by any specific plan at a price to be determined by the amount of labor and material required, may file a mechanic's lien for work done and material furnished. The mechanic's lien act provided for implied contracts.

*Contract—Entire contract—Performance—Instructions.*

2. Where in an action on a mechanic's lien the jury finds as a fact that the agreement between the parties did not amount to an entire contract for the completion of the work at a fixed price, the trial judge cannot be convicted of error in refusing to charge that if the plaintiff failed in the performance of his contract in any material matter he could recover nothing.

Argued Oct. 19, 1910. Appeal, No. 131, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1906, No. 3,978, on verdict for plaintiff in case of Edward Carey v. Thekla Seifert. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before RALSTON, J.

The court charged in part as follows:
One of the first questions that you will have to deter-

mine in this case is whether there was any contract between these parties. The plaintiff testified that the defendant, Mrs. Seifert, had asked him to put up a building for her, but that no price was agreed upon, no specifications prepared and that the whole matter was left to his discretion; that she described the kind of a building she wanted and that he proceeded to put it up for her. He also testified that after a certain amount of the work had been done the details of which he explained to you she told his carpenter that she did not want him to go on with the work. The carpenter was called to the witness stand and testified that Mrs. Seifert had put him off the work, told him not to go on with it and consequently the work stopped. Mr. Carey, the plaintiff, never having received his money brings this action to recover for what work he has done, which amounts to $171—the interest of course will be calculated by counsel.

Mrs. Seifert testified that she had a contract with the plaintiff to do this work for $150—or she appears to have intended to so testify—although in my judgment the evidence was extremely vague to say the least of it. Indeed I think she said it would cost something over $150, but do not recall that she testified positively that she had a contract with Mr. Carey that he would do this work for $150—the evidence on that subject being extremely vague.

Her daughter is called and she testified to some conversation that she heard between Mr. Carey and her mother—Mr. Carey stating that he would do the work for $150.

[If you should find from that testimony that Mr. Carey did undertake to do the work for $150 and Mrs. Seifert was obliged to expend $113 to complete Mr. Carey's work, then Mr. Carey should only recover for the difference.] [2] If he agreed to do that work for $150, Mrs. Seifert was entitled to a complete house for $150, and if he refused to go on with the work and she has to expend $113 to finish it, he could only recover the difference.

Defendant presented these points:

1. It was the duty of the plaintiff after he received the notice of August 20, 1906, to complete the building or proceed to remove materials, if by so doing he could lessen the damage done him. *Answer:* Refused. [1]

2. If the jury find that the plaintiff failed in the performance of his contract in any material matters, and if that failure was not due to any breach on the part of the owner of her contract, the verdict should be for the defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $174.75. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*J. Lawrence Wetherill*, for appellant.—There can be no recovery on a quantum meruit in an action brought under the mechanic's lien act of 1901: Tenth Nat. Bank v. Construction Co., 218 Pa. 581; McVey v. Kaufman, 223 Pa. 125; Harlan v. Rand, 27 Pa. 511; Tebay v. Kirkpatrick. 146 Pa. 120; Knelly v. Horwath, 208 Pa. 487; Warren v. Johnston, 33 Pa. Superior Ct. 617; Deichley's Est., 35 Pa. Superior Ct. 442; Hart v. R. R. Co., 41 Pa. Superior Ct. 224; Keely v. Jones, 35 Pa. Superior Ct. 642; Yaukey v. Buckman, 18 Pa. Superior Ct. 378.

The contractor cannot recover if he has failed to perform his contract in material matters, if the failure was not due to any breach by the owner: Hartman v. Meighan, 171 Pa. 46; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Caughey v. Parker, 26 Pa. Superior Ct. 289; Weiskircher, v. Volk, 29 Pa. Superior Ct. 611; Snedaker v. Torpey, 41 Pa. Superior Ct. 312.

*J. Harry Wagner*, for appellee.

OPINION BY HENDERSON, J., November 21, 1910:

The first proposition presented by the appellant is that

the plaintiff cannot recover because it does not appear from the evidence presented by the latter at the trial that a contract existed between the plaintiff and defendant under which the labor was performed and the material furnished for which the lien was filed and that on such a state of facts a right of lien does not exist under the Act of June 4, 1901, P. L. 431. This position is taken in view of the testimony of the plaintiff who, to an inquiry by the court whether he had any agreement or contract for the building of the house, answered that there was no agreement at all. An examination of other parts of his testimony makes it apparent, however, that the witness had reference to an agreement in writing or an express agreement for the construction of the building. After testifying that he did not have "a drawing for this building" but that the defendant allowed him to use his own judgment with reference to the plan he testified that all the instruction given him by the defendant was to go ahead with the building and that she wanted to build it as cheaply as possible. It also appears from the testimony of the defendant herself that material was furnished and work done in the erection of the building by the plaintiff and there can be no doubt that an implied contract existed which would furnish the basis for a lien, if the plaintiff's evidence is to be credited. The first section of the act of 1901 provides that "the word 'contractor' means one who, by contract or agreement, express or implied, with the owner or the one who acts for the owner, plans or superintends the structure or other improvement, or any part thereof; or furnishes labor, skill or superintendence thereto; or supplies or hauls materials, reasonably necessary for and actually used therein." It will be seen that implied contracts are provided for and the case presented by the plaintiff is one of that kind. As his evidence develops the case he was engaged to erect a small building not defined by any specific plan at a price to be determined by the amount of labor and material required. As work was done and material furnished and both accepted by the defend-

ant there is ample evidence to support the claim on the theory of an implied contract. If the service was rendered as the plaintiff alleges it was, without any agreement as to price or amount, a promise to pay is presumed in law and this will support the lien.

The second position taken is that the plaintiff agreed to construct a building for the defendant of dimensions and character agreed on for the sum of $150; that the plaintiff willfully and without cause neglected to complete the structure by reason of which the defendant was compelled to expend $113 to finish it, the legal consequence of which conduct on the part of the plaintiff was to deprive him of any compensation for his labor and material. The court submitted to the jury the question whether there was a contract between the parties for the completion of the work for $150 as claimed by the defendant. This was done with hesitation on the part of the court because of the lack of evidence to support the defendant's position. After a careful examination of the testimony we think this instruction was more favorable to the defendant than the testimony warranted for the defendant herself in her examination in chief testified that "he (the plaintiff) told me that it would not cost me over $150 for the work what he is going to do" and on cross-examination in answer to this question, "You concluded to build a brick building— what did you tell Mr. Carey to do?" the defendant answered: "He said he would put the building up to suit for a shoemaker shop and I asked him how much it would cost me and he said it would not cost me over $150 or it might cost me over $150." In another part of her cross-examination she said that the plaintiff promised to do the work for $150. The defendant's daughter, called on behalf of her mother, testified, "I heard him tell mamma it would not cost over $150." It will thus be seen that there was little to support the defendant in her claim that there was an express agreement for the performance of the work for the price named. The jury, however, found against the defendant on the question of an express contract and

she was therefore not prejudiced by the instruction complained of in the third assignment of error.    The part of the charge quoted in the assignment is not in strict accord with the doctrine of Hartman v. Meighan, 171 Pa. 46; Snedaker v. Torpey,. 41 Pa. Superior Ct. 312, and other cases on the subject of the substantial performance of entire contracts, for if the contract had been entire and the defendant had willfully and deliberately refused to complete the work in a material part he would not have been entitled to recover anything.    But as the arrangement between the parties did not amount to an entire contract for the completion of the work at a fixed price as is shown by the verdict of the jury the defendant was not prejudiced in that part of the charge and this applies as well to the refusal of the court to affirm the defendant's point set forth in the second assignment of error.    If the finding had been that there was an entire contract and the defendant had been called upon by the verdict of the jury to pay the difference between the plaintiff's bill and the $113 which she alleged she had paid out to complete the work the assignment of error would have raised a question important to the defendant but when the subject of the performance of an entire contract is put entirely out of the case by the verdict of the jury the answer to the point could do no injury.    We find no substantial reason for reversing the judgment of the court below.

The judgment is therefore affirmed.