Opinion bt
Morrison, J.,
In this action of assumpsit the plaintiff declared upon an oral contract, for the price of $380, for furnishing all of the material and doing all of the work in installing in the building of the defendant, in the borough of Windber, a heating plant, consisting of boiler, radiators, pipes, etc., complete, and in addition to that he claimed the sum of $81.37 for furnishing the material and doing a job of plumbing for the defendant in another house in the same borough.
Plaintiff averred that he complied with his contract as to the heating apparatus and was entitled to collect the sum of $380, with interest from January 1, 1908. No defense was made as to the $81.37, and at the trial it was conceded that the plaintiff was entitled to a verdict for that sum with interest. The defendant filed an affidavit of defense in which he alleged that the plaintiff’s contract required him to furnish a Cambria furnace or boiler, with all necessary piping, radiators, etc., and install the same in defendant’s building and that the plaintiff guaranteed the plant to properly heat the building. The only defense set up in the affidavit was that the plaintiff set up a Simplicity furnace instead of a Cambria furnace and that the defendant did not consent to this change of furnaces, and that having made the change on his own motion, plaintiff’s guaranty extends to the Simplicity furnace in all respects as it was originally *142 made in regard to the Cambria. The defendant having, entered his plea, the respective counsel agreed: “that all defenses raised and set forth in the affidavit of defense in the above entitled cause shall be considered as special matter admissible under the pleas the same as if said matters in said affidavit of defense aforesaid had been set forth under the head of special matter totidem verbis.” No other defense was suggested, except that the Simplicity boiler would not heat defendant’s building and that the plaintiff had therefore failed to substantially comply with his contract, until at the trial after the plaintiff had offered evidence tending to prove that the defendant had authorized and ordered the installation of the Simplicity furnace at his own risk on the guaranty of the manufacturers of that furnace, when the defendant then shifted his ground by admitting that the furnace was probably all right but that the rest of the heating system was not properly installed. In support of this theory he called several witnesses and offered considerable testimony. It was, however, conceded that if the jury found that the Simplicity boiler was selected by defendant, that all the radiators, pipes, connections and other attachments were there and the plant was set up and fully connected. But the theory was, at the trial, that there was something wrong with the connections so that the system would not heat the building, and for this reason the defendant strongly contended that the plaintiff had not substantially complied with his contract and he was not entitled to recover any part of the $380.
The plaintiff offered considerable testimony tending to show a substantial compliance with his contract and therefore the important question of fact was thus raised. The learned trial judge very properly took the view that the main questions were of fact and were for-the jury and he submitted them to that body, saying, in substance, that if there was an honest, substantial compliance with the contract, with minor defects which could be readily supplied, that the plaintiff could recover and the jury *143 would make a deduction of such an amount as would remedy the defects. But if there was not an honest, substantial compliance with the contract plaintiff could not recover at all.
The first assignment of error raises the question of the exclusion of defendant’s offer to prove the amount of damages sustained by reason of the failure of the plant to do the work as contracted for, etc. We think the offer as made was incompetent and the court did not err in excluding it. We do not think the remaining seven assignments raise- reversible error, although the learned court was unfortunate in the language used in the charge quoted in the fourth • and fifth assignments. But considering the whole charge we are not persuaded that this language injured the defendant. The fourth assignment: "If so, if the entire system was so defective that it has to be torn apart and rebuilt, we would still submit to you the question of whether it was a substantial compliance of the contract or not.” Then follows the language quoted in the fifth assignment: "If even you found it was a substantial compliance of the contract, you could not deduct any given amount from the plaintiff’s bill, because there is no evidence what that would cost, and the jury will not undertake to furnish figures when they are not' given to you. You cannot guess matters of that kind. So I submit the question to you whether there was a substantial compliance with the contract, and whether it could be remedied, under the testimony of Mr. Greenawalt, and whether at a moderate cost, and if so, what cost. And if that be so, you will deduct from the plaintiff’s bill that amount and allow him the balance.”
While it must be conceded that the language of the charge contained in the fourth and fifth assignments is contradictory and might be considered confusing, yet in view of the whole charge and the verdict of the jury, we are convinced that the jury must have found that the defendant agreed to the substitution of the Simplicity boiler and that the plaintiff substantially complied with *144 his contract, but that the jury made a deduction for the value of minor defects which they considered under the evidence, when repaired, would put the plant in the condition called for by the contract.
A copy of the verdict convinces us that the jury did not misunderstand the charge. The verdict was made up as follows:
For the plaintiff..... $ 81.37
Interest on $81.37..... 14.24
Heating contract..... 380.00
Interest on $380.00 . 57.60 $533.21
Less Cr. amount paid . . $40.00
Less allowance for making changes 45.00 85.00 $448.21
The verdict shows that the jury did make a deduction from the contract price and this convinces us that they were not misled by the language used in the charge as quoted in the fourth and fifth assignments.
In Crawford & Moyes v. McKinney, 165 Pa. 605, it was held as stated in the syllabus: “Where a building contract provides that no sum shall be due thereon unless all work done and materials furnished shall be in strict compliance with the plans and specifications and to the satisfaction of the owner, it is not improper to leave the jury to determine whether the contract has been substantially complied with and what deductions, if any, shall be allowed, where the evidence is conflicting.” Moore v. Carter, 146 Pa. 492, is to the same effect. See also Sticker et al. v. Overpeck, 127 Pa. 446.
In Snedaker v. Torpey, 41 Pa. Superior Ct. 312, we held, in an opinion by our Brother Henderson, citing many authorities, as summed up in the syllabus: “Where a party has acted honestly, with intent to fulfill his contract, and has performed it substantially but has failed in some comparatively slight particulars, the other party cannot *145 hold and enjoy the fruits of his labor without paying- a fair compensation according to the contract, receiving credit for whatever loss or damage he suffered. Whether the party acted in good faith, and whether the departures from the contract were material, are generally questions for the jury.” The same doctrine is affirmed in the late case of Morgan v. Gamble, 230 Pa. 165. To the same effect is Schultz v. Seibel, 209 Pa. 27.
Certainly in the present case there was conflicting testimony between the parties as to whether or not the plaintiff substantially complied with his contract. The plaintiff offered testimony tending to prove that he furnished all of the material and installed all of the heating plant as he had agreed to do and that it was tested before he left it and that it worked well. No fault was found with the material and workmanship, except the complaint that the heating plant did not furnish heat for the building. This conflict of evidence carried the question to the jury as to whether or not there was a substantial compliance with the contract, and their verdict indicates that they found this in favor of the plaintiff. There was also considerable testimony as to what would be necessary to put the plant in good condition, and, in our opinion, the learned trial judge fairly submitted the questions of fact to the jury, and we are not convinced that the verdict and judgment thereon ought to be disturbed.
The assignments of error are all dismissed and the judgment is affirmed.