# Beyer *v.* Mountz, Appellant.

*Contract—Building contract—Substantial performance—Case for jury.*

1. The equitable right to recover on the ground of substantial performance involves an honest effort on the part of the contractor to fully comply with the strict terms of the contract resulting in minor defects which do not seriously injure the other party to the contract.

2. In an action to recover a balance alleged to be due upon a contract for remodeling and rebuilding an old house where many items are embraced in the undertaking, and there is sufficient evidence although contradicted, to show an honest effort substantially to perform the matters required by the contract and the new features which developed as the work progressed, the case is for the jury.

Argued Dec. 28, 1914.   Appeal, No. 231, Oct. T., 1914, by defendant, from judgment of C. P. Clearfield Co., May T., 1913, No. 135, on verdict for plaintiff in case of Samuel D. Beyer et al., trading as F. D. Beyer & Company, v. Ella J. Mountz.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit on a building contract.   Before BELL, P. J.

At the trial it appeared that the contract in question was for remodeling and rebuilding defendant's house at Janesville.   The evidence tended to show that the plaintiffs were to furnish all the material and perform all the work required and that they were to receive over and above the cost ten per cent as commission thereon.   The defendant claimed that the plaintiffs had agreed to do the work for the sum of $6,600. It was admitted on both sides that changes and modi-

fications from the original agreement were made during the progress of the work. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $683.62. Defendant appealed.

*Errors assigned* were in refusing binding instructions for plaintiff.

*A. L. Cole* and *A. M. Liveright*, with them *David L. Krebs, Jr.*, and *Howard B. Hartswick*, for appellant, cited: Smyers v. Zmitrovitch, 55 Pa. Superior Ct. 440.

*W. C. Miller*, with him *W. L. Hicks*, for appellee, cited: Snedaker v. Torpey, 41 Pa. Superior Ct. 312; Kull v. Middleman, 51 Pa. Superior Ct. 137; Pressy v. McCornack, 235 Pa. 443.

OPINION BY KEPHART, J., May 14, 1915:

The equitable right to recover on the ground of substantial performance involves an honest effort on the part of the contractor to fully comply with the strict terms of the contract resulting in minor defects which do not seriously injure the other party to the contract: Smyers v. Zmitrovitch, 55 Pa. Superior Ct. 440.

"Where such performance has been honestly rendered by one who has furnished material and labor which are used by the other party to the contract, he will not be held to a technical performance and denied all compensation, but will be allowed to recover the amount of the contract after deducting therefrom a sufficient sum to fully compensate the defendant for the loss he sustained by the failure of the plaintiffs to give strict performance:" Snedaker v. Torpey, 41 Pa. Superior Ct. 312; Kull v. Middleman, 51 Pa. Superior Ct. 137; Pressy v. McCornack, 235 Pa. 443. "It is not intended that the indulgence thus shown a contract is to be applied in cases of fraud or gross negligence, or when

one unjustifiably abandons the undertaking before its completion, but only where an intention is disclosed to complete the work in good faith. Whether the party acted in good faith, and whether the departures from the contract were material are generally questions for the jury:" Snedaker v. Torpey, supra, and cases there cited. "This is always true if the facts relating to the good faith of the plaintiff and the materiality of the changes or alterations are in dispute. On the other hand, if the undisputed testimony shows a substantial variance, not authorized by the owner, and made without his knowledge or assent, it is the duty of the court to so declare as a matter of law: Harris v. Sharples, 202 Pa. 243:" Pressy v. McCornack, supra.

Did the plaintiffs' case present such evidence of substantial performance as would require the court to submit that question to the jury? After carefully reading the testimony and with particular reference to that of the witnesses referred to by the appellant, we are convinced that the court was not in error in submitting the question to the jury. Defendant produced evidence of defects in construction and that some of the material was not as contracted for. This contradiction in the testimony would not enable the court to pass on this question as a matter of law. The contract embodied the remodeling and rebuilding of an old house. Many items are embraced in the undertaking, and the very nature of the contract, as testified to by the plaintiffs' witnesses, was such as would make it difficult to hold that there was not an honest effort to substantially perform the matters therein required or the new features which developed as the work progressed.

The plaintiffs contended that the contract was for the cost of material plus ten per cent and the defendant agreed to this contract. The work was to be done according to plans and specifications that had been submitted to the defendant, which were later modified by agreement. Most of the labor was subcontracted.

The carpenter work, heating and plumbing, tile work, plastering and painting, was given to persons agreeable to defendant, and in most cases at her suggestion and after consultation with her. It was understood when the work commenced that it should be prosecuted in accordance with the general estimate, specifications and plans offered in evidence. After the work had started, certain changes were made at the direction of the defendant, the original estimate was reduced by the omission of certain items, yet, as shown by the final bill presented, the cost exceeded the original estimate. This, the plaintiffs explain, came from adding an additional story to the kitchen, additional cost of plastering, painting, hardware, heating and plumbing, and many other items.

Plaintiffs charged the ordinary market price for the materials furnished and these were furnished from his own mill. We see nothing in the contract that would deny to the plaintiffs a fair profit on the material. Merely because they were in the business of selling and furnishing lumber, would not, unless the contract provided otherwise, require them to sell to the defendant the material at the net cost to plaintiffs' concern. The job was to be first class, and Beyers testifies that outside of one or two difficulties the job was "first class," the material was "fine," "it couldn't be better," and "the work was well done by the subcontractors." The small defects discovered after the work had been completed could be remedied by an expenditure of $100 to $200. The flooring on the first floor was somewhat warped,—this is attributed to a damp cellar; the flue was not a good job,—this was caused by cement or plaster dropping down the flue and catching in a bend or turn, clogging the flue. An error was made in the pitch of the porch roof, but the explanation was such as should be received by the jury. Beyer offered to fix up the hole in the floor immediately under the cupboard, but his offer was refused.

The very many difficulties encountered in rebuild-

.ing an old house, changing rooms, enlarging, etc., made it almost impossible to determine in the beginning what would be required and inevitably some defects in construction. must appear.  It is true that the jury materially reduced the plaintiffs' demands, but it did this from the many contradictions in the evidence and the defense made in this case.  Notwithstanding the very able argument of appellant's counsel, we conclude that from the plaintiffs' testimony there was sufficient evidence of substantial performance to submit to the jury.

The assignment of error is overruled and the judgment is affirmed at the cost of the appellant.